OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
While a municipality is responsible for maintaining and repairing its water mains, it is not an insurer of its system. (Jenney v City of Brooklyn, 120 NY 164.) Where a third party such as Consolidated Edison Company of New York, Inc., has excavated near those water mains, the city has a duty to inspect the utility’s activities only if those activities can be considered dangerous. (De Witt Props. v City of New York, 44 NY2d 417, 425.)
*856 Since the installation of pipes by trained utility employees ordinarily poses no risk to existing water mains (De Witt Props. v City of New York, supra, at p 425), it cannot be said that the installation in 1926 by Con Ed of the ducts at issue here posed a risk to the city’s water mains. Consequently, the city had no duty to inspect its pipes at the time the ducts were installed and cannot be held liable for failing to so inspect.
With respect to plaintiffs’ claim that the city was negligent in failing to conduct tests to discover anaerobic bacterial corrosion, it is settled that “unless there is some warning of a possible defect the public or private supplier of water is not obligated to tear up the streets to inspect its pipes.” (De Witt Props. v City of New York, supra, at p 424.) While it is true that the city could have conducted tests that might have detected" the presence of anaerobic bacteria without tearing up the streets, the procedure for doing so would have required that the city drill test holes at regular intervals along thousands of miles of pipelines. Soil samples would then have had to be extracted and analyzed.
We do not believe it either necessary or desirable to impose such an onerous burden upon a municipality where there is no significant warning of a possible defect. Since the city had no such warning and therefore had no duty to conduct tests for bacteria, liability cannot attach for its failure to do so.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed, with costs, in a memorandum.