### 65359. OGLESBY v. CITY OF ATLANTA et al.

BIRDSONG, Judge.

Summary Judgment. Mrs. Dorothy M. Oglesby was an employee with the City of Atlanta Bureau of Police Services. In October 1976, she went to lunch with three other employees of the police bureau, walking on the west sidewalk (south) on Piedmont Road to Martin Luther King and thence to the Russell Federal Building. Upon her return, she and her companions retraced their steps north on the west sidewalk. As they passed beneath a trestle crossing above Piedmont, Mrs. Oglesby was discussing the old city jail building and turned to say something to the two companions walking behind her. As she did, her foot caught on a piece of reinforcing steel protruding from a small block of cement causing her to trip and fall. She caught herself on her hand resulting in substantial and permanent injury.

The record further shows that the city of Atlanta had not closed Piedmont between Martin Luther King and Decatur (one block) while the Metropolitan Atlanta Rapid Transit Authority (MARTA) started to demolish and replace certain overhead railroad trestles and lower the surface of Piedmont Road in its construction of a

portion of the MARTA subway system. The trestle was constructed of vertical steel support pilings, a horizontal steel beam platform upon which a wooden bridge covered with asphalt was built to affix and support the railroad tracks, but there is no evidence that MARTA was engaged in demolition of the bridge at the time of Mrs. Oglesby's injury. Nor is there any evidence that the bridge used concrete reinforced with steel rods. MARTA was in the process of demolishing and removing the east sidewalk in order to lower telephone cables and water pipes prior to lowering the surface of Piedmont. The eastern sidewalk was cement and was torn up to the curb, but this construction was four lanes removed from the west sidewalk and was protected by barriers and appropriately marked. There is no evidence that the west side of Piedmont or the west sidewalk was under construction. Evidence of record established that the cement used in the original construction of the east sidewalk did not utilize steel reinforcement. Thus though it is undisputed that Mrs. Oglesby tripped over a piece of reinforcing steel extending over a portion of the west sidewalk protruding from a piece of broken concrete, there is no evidence to support a conclusion that this piece of concrete lying to the west side of the west sidewalk came either from the construction occurring on the east side of the street or from any city project at that location. Mrs. Oglesby apparently infers that the concrete was the product of MARTA's construction efforts only because MARTA was engaged in construction in the area. There likewise is evidence of record that Mrs. Oglesby had been by this site on other occasions, and it is undisputed that she had been over the exact same terrain and observed concrete debris on the west side of the west sidewalk not more than an hour preceding her fall and injury. Based upon this state of the record, the trial court granted summary judgment to the city of Atlanta from which grant Mrs. Oglesby brings this appeal. *Held:*

As a general proposition, issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. *Ellington v. Tolar Constr. Co.,* 237 Ga. 235, 237 (227 SE2d 336); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178). However, where the trial court accurately can conclude upon plain, palpable and indisputable evidence that there was no negligence attributable to the defendant, then it is not improper in such a case to direct summary judgment in favor of the defendant. *Sugrue v. Flint Elec. Membership Corp.,* 155 Ga. App. 481, 484 (270 SE2d 921); *City of Barnesville v. Sappington,* 58 Ga. App. 27, 30-31 (197 SE 342).

In this case the evidence of record established that Mrs. Oglesby

tripped over a piece of reinforcing steel projecting from a basketball-sized piece of concrete, the concrete being off the sidewalk and the steel rod extending over the plane of the sidewalk. Mrs. Oglesby stated she saw the cement on the side of the sidewalk when she walked by it on the way to lunch, though no one of the other ladies accompanying her observed any potential obstructions on or near the sidewalk. At the time of her trip and fall she was back at the point where she had earlier observed the concrete but apparently was engaged in a verbal description of the old city jail and was pointing out its location to two women who were walking behind her. There is no evidence of record that the cement with reinforcement was of a type in use in the sidewalk being torn up on the opposite side of the street or in the construction of the railroad trestle which was not under demolition at the time of the accident. In other words there is no evidence that either the city or MARTA was responsible for the placement of the particular piece of cement debris or steel rod which caused Mrs. Oglesby's injury. Under such evidence we agree with the trial court that there could have been no notice to the city of the presence of the concrete debris with the steel rod and there is no evidence to show that the hazard or defect existed for a sufficient length of time for notice to the city to be inferred. *Butler v. City of Atlanta,* 47 Ga. App. 341, 344 (170 SE 539). See also *City of East Point v. Mason,* 86 Ga. App. 832, 834 (3) (72 SE2d 787). Certainly, moreover, the evidence is persuasive that Mrs. Oglesby was aware of the potential danger and in spite of her obvious superior knowledge to that of the city, voluntarily walked over the terrain thus assuming whatever risk was involved. See *Purvis v. Holiday Hills Property Owners Assn.,* 163 Ga. App. 387, 389 (294 SE2d 592). In short there was no evidence of negligence on the part of the city or MARTA, nor evidence that the city could have had reasonable notice of any hazard either actual or inferred. Thus, we find no error in the grant of summary judgment to the city.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 5, 1983.

*John C. Dabney, Jr., James C. Carr, Jr.,* for appellant.
*Paul A. Howell, Jr., Pamela R. Simmons, Marva J. Brooks,* for appellees.