## 68577. WOOLBRIGHT v. SIX FLAGS OVER GEORGIA, INC.

(321 SE2d 787)

SOGNIER, Judge.

Mary Elizabeth Woolbright sued Six Flags Over Georgia, Inc. for injuries she incurred while riding the Dahlonega Mine Train, an amusement park roller coaster ride. Woolbright allegedly fractured her clavicle shortly after the ride began when the roller coaster train took a sharp corner and her shoulder contacted the side of the car in which she was a passenger. The trial court granted Six Flags Over Georgia's motion for summary judgment on the basis of Woolbright's assumption of the risk and Woolbright appeals.

1. Appellant contends the trial court erred by granting summary judgment in that genuine issues of material fact remain as to appellant's allegation of negligence and appellee's defense of assumption of the risk. As a general proposition, issues of negligence, contributory negligence, assumption of the risk, and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against claimant, but should be resolved by trial in the ordinary manner. *Oglesby v. City of Atlanta*, 166 Ga. App. 192, 193 (303 SE2d 526) (1983); *Malvarez v. Ga. Power Co.*, 166 Ga. App. 498, 499 (304 SE2d 542) (1983). However, where the trial court can accurately conclude upon plain, palpable and indisputable evidence that there was no negligence attributable to the defendant, then it is not improper in such a case to direct summary judgment in favor of the defendant. *Oglesby*, supra.

Appellee contends that an application of the doctrine of assumption of risk here precludes a finding of negligence on the part of appellee. " 'The general rule is that where one voluntarily and knowingly takes a risk involving imminent danger he is precluded from recovery by reason of another's negligence.' [Emphasis omitted.] [Cit.]" *Holbrook v. Prescott*, 166 Ga. App. 588, 590 (305 SE2d 156) (1983). As we stated in *Atlanta Funtown, Inc. v. Crouch*, 114 Ga. App. 702, 713 (152 SE2d 583) (1966), " 'A person who rides or uses an

amusement device assumes the hazards naturally and obviously arising from the proper use and operation of the device, such as the hazards inherent in the operation of a miniature car or scooter, if it is properly designed, constructed, and maintained.' [Cit.]" By uncontroverted affidavit in this case, appellee establishes that there were no defects or malfunctions in the Dahlonega Mine Train on the day of the alleged injury and that the ride operated properly and normally on that day. Furthermore, the defense of assumption of risk " 'presupposes (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom, and (3) that he voluntarily exposed himself to such risk.' [Cit.]" *Abee v. Stone Mtn. Memorial Assn.*, 169 Ga. App. 167, 169 (312 SE2d 142) (1983). In her deposition, appellant stated that she was familiar with roller coaster rides, having ridden the Dahlonega Mine Train some three or four times previous to the incident, as well as having ridden other roller coaster rides in appellee's amusement park. She stated that she was familiar with the speed and rapid turns of the ride and repeatedly stated that nothing had occurred on the Dahlonega Mine Train during the subject incident that she did not expect to occur. Appellant also testified that she had observed the sign at the entrance to the ride warning potential passengers of the danger to persons such as pregnant women or those with back and neck injuries, and that her husband, who had a history of back injury, and her pregnant daughter, both of whom were with appellant at the amusement park, heeded the warning and declined to ride on the Dahlonega Mine Train. We do not agree with appellant that a question of fact was raised by appellant's statement, induced by the promptings of her attorney, that "[e]xcept like he [appellant's attorney] said I didn't expect it to sling me to the side. It had never done it before when I rode it before." Appellant had previously experienced the effect of the combination of the "natural and obvious hazard" of the roller coaster ride. The possibility that appellant had not experienced the effect to the extent she did at the time she was injured does not cancel appellant's assuming the risk of sustaining an injury when she voluntarily chose to ride on the Dahlonega Mine Train. *Abee*, supra at 170. The trial court did not err when it granted summary judgment to appellee on appellant's allegations of negligence.

2. Appellant contends the trial court erred by granting summary judgment to appellee on the issue of res ipsa loquitur. The doctrine of res ipsa loquitur applies to those cases in which there is no evidence showing the external cause of the plaintiff's injury. *Floyd v. Swift & Co.*, 59 Ga. App. 154, 157 (200 SE 531) (1938). The resulting injury must be of such an extraordinary nature as not to occur normally under the circumstances. See *Harrison v. Southeastern Fair Assn.*, 104 Ga. App. 596, 605 (122 SE2d 330) (1961). Appellant's broken

clavicle is not of such an unexplainable nature as that required by the doctrine of res ipsa loquitur. See *Atlanta Funtown*, supra at 713. Accordingly, the trial court correctly granted appellee's motion for summary judgment on this issue.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 6, 1984.

*Eugene D. Butt*, for appellant.
*Ronald L. Reid, Jeffrey Y. Lewis*, for appellee.