## 73444. FOGARTY v. TELFAIR COUNTY et al.
### (354 SE2d 880)

BENHAM, Judge.

Appellant was injured when he drove his car into a wash-out in a county road. He sued the county and various county officials for the damages incurred in the wreck. By the time this case reached the stage at which appellees' motion for summary judgment was decided, the issues in the case had narrowed to the alleged negligence of the defendants with regard to the maintenance of adequate warnings and barriers. The evidence in support of appellees' motion was that signs and barriers had been erected shortly after the wash-out occurred, that the signs and barriers were inspected at least twice daily, that the signs and barriers were in place on the afternoon of appellant's injury, that appellees had no actual notice that the signs and barriers were not in place prior to appellant's wreck, and that persons on the scene after the wreck found that the signs and barriers had been run over. Appellant's evidence was his sworn statement that there were no signs or barriers at all.

The trial court ruled that the alleged defect which purportedly caused appellant's injury was not the wash-out, but the absence of warning signs and barriers. Since the uncontradicted evidence was that signs and barriers had been erected and maintained and that ap-

pellees had no actual knowledge of their absence at the time of appellant's wreck, an absence which the trial court assumed for the purpose of ruling on the motion for summary judgment, the trial court held that the dispositive issue was whether appellees had constructive knowledge of the defect. Considering all the evidence, the trial court held that they did not, and granted them summary judgment.

1. Appellant's first enumeration of error is directed to the trial court's holding that there was no constructive knowledge of the defect. We agree with the trial court that the evidence demanded that conclusion.

The uncontradicted evidence showed that the barriers and signs were visually inspected at least twice each day and were inspected on the morning of appellant's wreck. Affidavits from uninterested parties established that the barriers and signs were in place on the afternoon of the wreck, shortly before it occurred.

In its order granting summary judgment, the trial court quoted from this court's opinion in *Oglesby v. City of Atlanta*, 166 Ga. App. 192, 193 (303 SE2d 526) (1983): "As a general proposition, issues of negligence . . . are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. [Cits.] However, where the trial court accurately can conclude upon plain, palpable and indisputable evidence that there was no negligence attributable to the defendant, then it is not improper in such a case to direct summary judgment in favor of the defendant." Based on the evidence set out above, we agree with the trial court that this is such a case. "An impracticable or unreasonable amount of inspection should not be required of the [county], but only such as prudence, good sense and reason make necessary . . . If the [condition of the broken barricade] had been in existence for only a short time, and the agents or officers of the [county] had no knowledge of it, or a sufficient length of time had not elapsed so that they ought to have known of it in the exercise of ordinary care and diligence, the [county] should not be held liable for an injury resulting because of the [condition]." *Mayor of Jackson v. Boone*, 93 Ga. 662 (3) (20 SE 46) (1894).

There was no error in the trial court's conclusion that appellees were not chargeable with constructive notice of the alleged condition or in the grant of summary judgment to appellees on that ground.

2. In his second enumeration of error, appellant complains that the trial court erroneously decided this case on the basis of the nuisance doctrine rather than the negligence doctrine. The short answer to that complaint is that the trial court's order deals specifically with the issue of negligence, not nuisance. Although appellant insists in his brief that this is not a nuisance case, we note that, under the facts of this case, the same result would obtain if it were a nuisance case, and

for the same reason: lack of knowledge of the condition. See *City of Bowman v. Gunnells*, 243 Ga. 809 (256 SE2d 782) (1979).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur in judgment only.*

DECIDED MARCH 13, 1987.

*Gregory C. Sowell*, for appellant.
*Will Ed Smith, Billy W. Walker*, for appellees.