A89A0456. ANDREWS v. CITY OF MACON et al.
(382 SE2d 739)

SOGNIER, Judge.

Walter Yates Andrews, Jr. brought suit against the City of Macon (the City) and the Macon-Bibb County Water and Sewerage Authority (the Authority) to recover damages for injuries he sustained when a street collapsed under the front wheels of the van he was driving. The trial court granted the defendants' motions for summary judgment, and Andrews appeals.

The material facts are not in dispute. The record reveals that on Saturday afternoon, July 5, 1986, appellant was driving a van on Mercer University Boulevard in Macon when a hole opened in the pavement, causing his front wheels to sink into the collapsed space. Appellant testified by deposition that there was no hole in the street or water on the pavement before the collapse, but that when he pulled his van from the hole water began gushing out and he could see water pipes in the open space. He recalled noticing repair work performed on the road a number of times over the years, but did not remember seeing any work done at or near the scene of the accident.

Jimmy Hamm, the Authority's inventory clerk, testified that he visited the scene several hours later and observed water standing in

the hole, but saw no gushing water or exposed pipes. He acknowledged that the Authority repaired a small crack in a nearby water main the following Monday, but stated that the leak resulting from the crack was not large enough to have caused water to run onto the road in the absence of the street collapse. Hamm also testified that during a period in which there was a large differential between the volume of water pumped and the amount billed to customers, the Authority had checked for leaks in the water system by using listening devices on water meters and hydrants, but that he could not recall whether this monitoring program was in effect at the time of the incident at issue. The Authority's water plant manager testified by affidavit that high-service pressure and high-service flow are monitored daily for the purpose of leak detection, and that his review of the records for July 5, 1986 disclosed no significant change in either indicator. He also stated that the Authority received no reports of water pipe breaks or leaks during July 1-5, 1986. Daisy Smith, the City employee responsible for recording reports and complaints regarding street repair, testified by affidavit that she had reviewed her records for the five-year period before the accident and had found only one service request for a road patch in the vicinity of the accident, which was done on December 28, 1982. It is further undisputed that the street at issue was built and widened by the State but maintained by the City, and that the water lines under the road are composed of cast iron pipe between fifty and sixty years of age.

1. The City has moved this court to dismiss the appeal under the authority of Court of Appeals Rule 14 because appellant's brief was filed one day late, whereas appellant asserts that his brief was postmarked on the due date and thus should be deemed timely filed pursuant to Rule 4. The record reveals that appellant mailed the brief by certified mail, return receipt requested, on December 12, 1988, the last day for filing, and the brief was received in the clerk's office and filed on December 13th. As there apparently was no postmark on the "transmittal envelope," the City contends Rule 4 does not apply. However, appellant also submitted the affidavit of the postal clerk who postmarked the return receipt, in which he stated that the brief was mailed on December 12th and that any failure to postmark the envelope was inadvertent. Under these circumstances, the motion to dismiss is denied.

2. Appellant first enumerates as error the trial court's grant of summary judgment to the City, contending that the City failed to pierce his allegations of negligent maintenance of the street and that a question of fact remains as to whether the City had constructive notice of the potential collapse.

"A municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street

system when it has not been negligent in constructing or maintaining the same *or* when it has no actual notice thereof *or* when such defect has not existed for a sufficient length of time for notice thereof to be inferred." (Emphasis supplied.) OCGA § 32-4-93 (a); see *Kicklighter v. Savannah Transit Auth.*, 167 Ga. App. 528, 530 (2) (307 SE2d 47) (1983). "[I]f the defect had existed only a short time so that the municipality could not reasonably have had knowledge then actual notice must be shown. However, if the street defect 'existed for such a length of time as by reasonable diligence in the performance of its duty, the defect *ought* to have been known by [the municipal authority] then notice will be presumed.' [Cits.]" (Emphasis in original.) *City of Atlanta v. Hightower*, 177 Ga. App. 140 (338 SE2d 683) (1985); see *McKay v. City of Atlanta*, 80 Ga. App. 797, 800-801 (1-3) (57 SE2d 432) (1950).

In the case at bar there is no dispute that the City did not receive actual notice until after appellant's accident. Also, appellant testified that the hole did not appear until he drove over the spot where the street collapsed, and that there was no water in the street or any other condition to put him on notice that a potential hazard existed. Although appellant argues that the frequency of repairs performed on this street constituted constructive notice, the evidence is devoid of any indication that repairs of the street or the water main previously had been performed at or near the site of appellant's accident, or that any similar defects or incidents had occurred. While the question of constructive notice is ordinarily one for the jury, *McKay*, supra at 801, in the absence of *any* evidence as to constructive notice there is no reasonable ground for two opinions, and thus the issue of negligence is a matter of law, not a question of fact for the jury. *C. W. Matthews Contracting Co. v. Marasco*, 184 Ga. App. 150, 152 (361 SE2d 34) (1987). Accordingly, we affirm the grant of summary judgment in favor of the City. See *Fogarty v. Telfair County*, 182 Ga. App. 163, 164 (1) (354 SE2d 880) (1987); compare *Kicklighter*, supra at 530-531 (2).

3. Appellant next contends that the trial court erred by awarding summary judgment to the Authority because a material fact question remains as to whether the Authority exercised ordinary care in inspecting and maintaining its sixty-year-old cast iron water lines. Specifically, appellant argues, given Hamm's testimony regarding the monitoring of water meters and hydrants, a jury should determine whether the Authority should have used that procedure to detect the leak under Mercer University Boulevard, and whether its failure to discover the leak constituted actionable negligence.

Before a plaintiff may recover in a negligence action there must first be a " 'legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of

harm . . . . [Cit.]' " *Bradley Center v. Wessner*, 161 Ga. App. 576, 580 (287 SE2d 716) (1982). "Actionable negligence does not exist in the absence of the breach of some legal duty. [Cit.]" *Montega Corp. v. Grooms*, 128 Ga. App. 333, 340-341 (9) (196 SE2d 459) (1973). Appellant contends the Authority had a duty to conduct periodic inspections of all pipes in the water system to detect leaks. Although in Georgia a municipal water authority " 'is not an insurer of its water or sewer system . . . [and] is required only to use reasonable care in establishing and maintaining such a system,' " *City of Tallapoosa v. Goebel*, 63 Ga. App. 1, 6 (1) (10 SE2d 201) (1940), appellant has cited no authority, and our research has not disclosed any such authority, concerning the duty to inspect underground water lines in the absence of any actual or constructive notice of a defect. Courts in other jurisdictions have concluded that absent actual or constructive notice of a defective or dangerous condition a municipal water authority has no duty to conduct costly and burdensome inspections of its underground water pipes. See *I. M. of Atlantic City v. District of Columbia*, 356 FSupp. 487, 491 (DDC. 1973); *Grace & Co. v. City of Los Angeles*, 168 FSupp. 344, 348-349 (SD Cal. 1958); *A. Da Prato Co. v. City of Boston*, 134 NE2d 438, 439 (SC Mass. 1956); *Gillette Shoe Co. v. City of New York*, 460 NYS2d 490, 491-492 (CA N.Y. 1983). We find the reasoning of these courts persuasive, and accordingly conclude that under the facts of this case there was no duty to inspect because there was no actual or constructive notice of a leak, see Division 2, supra, and " 'unless there is some warning of a possible defect the public or private supplier of water is not obligated to tear up the streets to inspect its pipes.' [Cit.] While it is true that the [Authority] could have conducted tests that might have detected the presence of [a leak] without tearing up the streets, the procedure for doing so would have required that the [Authority dispatch its employees to use electronic listening devices at every water meter and fire hydrant] at regular intervals along [hundreds] of miles of pipelines. . . . We do not believe it either necessary or desirable to impose such an onerous burden upon a [municipal water authority] where there is no significant warning of a possible defect." *Gillette Shoe Co.*, supra at 491-492. As the Authority "did not owe [appellant] any legal duty which it neglected to perform, no action could be maintained against it for negligence on its part," *Montega Corp.*, supra at 340 (9), and summary judgment was properly granted to the Authority. See generally *MacDonald v. Vasselin*, 188 Ga. App. 467, 469 (373 SE2d 221) (1988).

4. Appellant also contends that the trial court erred by ruling on the summary judgment motions without first unsealing certain depositions filed of record. However, as appellant has cited to us no deposition testimony which raises a genuine issue of material fact, and our review of the testimony discloses no such factual dispute, this enu-

meration of error is without merit. *Murphy v. First Nat. Bank*, 182 Ga. App. 788, 789 (5) (357 SE2d 266) (1987); see *Miller Grading &c. v. Ga. Fed. &c. Assn.*, 247 Ga. 730, 734 (279 SE2d 442) (1981).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 1, 1989.

*Dozier, Akin & Lee, Neal B. Graham*, for appellant.

*Joan E. Wooley, Hendley V. Napier, Karl D. Warden, Robert R. Gunn II*, for appellees.