## S96A1459. SAPP v. GEM LINE, INC.
(479 SE2d 712)

BENHAM, Chief Justice.

Appellee Gem Line, Inc. filed suit on a note executed by Anne Sapp and a note executed by Charles M. Sapp doing business as The Olive Tree Fine Jewelry. When the defendants failed to appear and prosecute the case, the trial court struck their answer and entered a default judgment in favor of Gem Line, Inc. Nearly two years later, Anne Sapp filed a motion to set aside the default judgment against her. The trial court denied the motion to set aside, and Sapp sent an application for discretionary review to the Court of Appeals via certified mail, but the transmittal envelope received by the appellate court did not have on it a United States Postal Service stamp reflecting the date of mailing. It was received at the Court of Appeals on the thirty-first day following the trial court's denial of the motion to set aside. Citing Court of Appeals Rule 4, the Court of Appeals dismissed the application as untimely in an unpublished order. Sapp filed a motion for reconsideration to which she attached a copy of the U. S. Postal Service's certified mail receipt which reflected that the application for discretionary review had been mailed on the thirtieth day following the denial of the motion to set aside. The Court of Appeals denied the motion for reconsideration. We granted a writ of certiorari to the Court of Appeals and, in an unpublished order, remanded the case to that court in order that it might "reconsider its order of dismissal . . . in light of its prior holdings in *Andrews v. City of Macon*, 191 Ga. App. 745 [(382 SE2d 739)] (1989) and *Stone v. Radiology Services*, 206 Ga. App. 851 [(426 SE2d 663)] (1992)." On remand, the Court of Appeals issued an unpublished order in which it distinguished *Andrews* and *Stone* by finding that the certified mailing in *Stone* had an official postmark on its transmittal envelope, and that the certified mailing in *Andrews* involved "non-compliance with a non-jurisdictional" appellate court rule concerning the timely filing of a brief. The Court of Appeals declined to vacate its dismissal of Sapp's application, again labeling the application as untimely under Rule 4 of the Court of Appeals. This Court granted a writ of certiorari to the Court of Appeals' latest order, asking whether the Court of Appeals had erred when it dismissed Sapp's application to appeal. We now hold that the Court of Appeals erred when it declined to vacate its earlier dismissal of the application to appeal.

1. Counsel for Sapp was correct in determining that appellate review of the trial court's denial of Sapp's motion to set aside the judgment had to be preceded by the appellate court's grant of an application for discretionary review. OCGA § 5-6-35 (a) (8). Contrary to the suggestion implicit in the Court of Appeals' order, Rule 4 of the Court of Appeals does not establish that court's "jurisdiction" over

Sapp's discretionary application. Rather, the Georgia Constitution bestowed subject-matter jurisdiction of the application on the Court of Appeals (1983 Ga. Const., Art. VI, Sec. V, Par. III), and OCGA § 5-6-35 (d) required Sapp to file the application with the Clerk of the Court of Appeals within 30 days of the entry of the judgment. Court of Appeals' Rule 4 simply provides a means by which that court establishes when a document is deemed filed in the Clerk's office. At the time Sapp's application was filed, Rule 4 deemed a document filed "when it is deposited in the United States Postal Service registered or certified mail, provided that the official United States Postal Service postmark date appears on the transmittal envelope or container." Otherwise, the document was deemed filed upon its being "clocked in" by the Clerk's office personnel after having been delivered physically to the Clerk's office, with the sufficient costs. Because Sapp's transmittal envelope did not contain the official USPS postmark date, the application was deemed filed the day it was physically received and clocked in by the Court of Appeals' Clerk's office, making it one day late.

2. During the appellate life of this case, Rule 4 has been amended to provide that a document sent by registered or certified mail is deemed filed in the Clerk's office on the day it was deposited in the mail, "provided that the official United States Postal Service postmark date appears either (1) on the transmittal envelope or container, or (2) on the certified mail receipt provided by the United States Postal Service at the time the document is mailed, which receipt must be submitted upon request." The amended version of Rule 4 was in effect in January 1996, when the Court of Appeals declined to vacate its dismissal of Sapp's application to appeal. Appellate practice rules dictate application of the law in effect at the time the appellate court renders its decision where application of the new law will impair no vested right under the prior law. *Osteen v. Osteen*, 244 Ga. 445 (260 SE2d 321) (1979). There was no vested right to dismissal of an application for discretionary review for failure to have a USPS postmark on the transmittal envelope. Therefore, the Court of Appeals should have applied the new version of Rule 4 and vacated its dismissal of the application since Sapp provided on motion for reconsideration the proof of timely mailing recognized by subsection (2) of amended Rule 4.

3. Assuming the Court of Appeals believed it necessary in January 1996 to apply the version of Rule 4 in effect when the application to appeal was originally filed (January 1995), the decision to decline to vacate the dismissal of the application was nonetheless error. We so conclude after examining Rule 4 and determining that it serves two purposes: to "level the playing field" for all parties, and to prevent fraud. By deeming the date of certified mailing as the date the

document is filed, the Rule puts all parties, regardless of their geographic location, on equal footing with those who live within commuting distance of the Court of Appeals' Clerk's office. Everyone is provided the ability to file documents timely on the thirtieth day. Those within commuting distance may file on the thirtieth day by physically delivering the document to the office of the appellate court's clerk, while those farther away may file on the thirtieth day by mailing the document by certified or registered mail.[1]

The second purpose of Rule 4, the prevention of fraud, is embodied in its second sentence. In order to ensure that those not physically delivering their documents to the appellate clerk's office do not perpetrate a fraud upon the appellate court by manipulating the postmark date on a postage meter, Rule 4 provides the means by which one using certified or registered mail may establish the lack of fraud. Under former Rule 4, the postmark date stamped by the U. S. Postal Service on the transmittal envelope assured the Court of Appeals that a disinterested third party, the USPS, "certified" the mailing date as that stamped. However, under former Rule 4, the lack of an official postmark on the transmittal envelope of a certified mailing did not end the inquiry concerning the date a document was filed. When faced with the potential for fraud brought about by a certified mailing without an official USPS postmark on the transmittal envelope, the Court of Appeals determined the document's deemed filing date upon receipt of proof from the U. S. Postal Service of the mailing date. In *Andrews v. City of Macon*, supra, 191 Ga. App. 745 (1), the postal clerk who handled the unstamped mailing executed an affidavit in which the clerk stated the mailing date and that the failure to stamp the transmittal envelope with that date was inadvertent. The affidavit was deemed sufficient proof to deny a motion to dismiss the appeal. In *Stone v. Radiology Services*, supra, 206 Ga. App. 851 (1), the Court of Appeals again denied a motion to dismiss an appeal after receiving a document by certified mail in a transmittal envelope without an official USPS postmark. The Court of Appeals noted that Stone had "shown by postmark date that these documents were timely filed." Id. Examination of Stone's response to the motion to dismiss filed in that case reveals that the proof of mailing date deemed sufficient by the appellate court was a photocopy of the dated receipt for the certified mailing received by the Court of Appeals' Clerk's office. In the case at bar, Sapp's attorney submitted on motion for reconsideration in 1995 the same proof of mailing date

---

[1] Geographic parity may also have played a role in the development of the statutory provision that the timely filing of a notice of appeal, a necessary prerequisite to an appeal, takes place in the office of the clerk of the superior court in which the case was decided rather than in the office of the appellate court's clerk.

— a photocopy of the dated receipt for the certified mailing which contained Sapp's application to appeal and which was received by the Court of Appeals. Nonetheless, the Court of Appeals deemed Sapp's document to have been filed on the date it was physically received by the appellate court, despite it having previously deemed Stone's document to be filed the day it was mailed.

4. In support of its disparate treatment of prior cases and this case, the Court of Appeals asserted its inherent power to establish rules "to effectuate an efficient appellate process that is fair to all litigants, and . . . the concomitant power to suspend the rules in an appropriate case." In *Shore v. Shore*, 253 Ga. 183 (318 SE2d 57) (1984), this Court asserted the inherent power of an appellate court to suspend a statutory procedural rule in an appropriate case. The appellate courts have seen fit to invoke that power only to permit the court to issue an opinion in the final 15 days of a term of court in order to act quickly on an appeal. See *Shore v. Shore*, supra (to reverse the trial court's refusal to consider evidence in a child custody case); and *Stuckey v. Richardson*, 188 Ga. App. 147 (372 SE2d 458) (1988) (to reverse the trial court's denial of a motion to dismiss a case between factions of a political party). Thus, the inherent power to suspend rules of appellate practice has been used to reach the merits of an appeal when adherence to the rules was likely to result in undue delay. In the case at bar, the Court of Appeals invoked that power in order to *avoid* the merits of Sapp's application, and disregarded the statutory directive to the appellate courts to decide cases on the merits and avoid dismissals. See OCGA § 5-6-30.

We conclude that, under either version of Rule 4 in existence during the pendency of this appeal, the Court of Appeals erred when it invoked that rule to dismiss Sapp's application for discretionary review. Accordingly, we vacate the Court of Appeals' orders dismissing the application and declining to vacate the dismissal of the application and remand the application to the Court of Appeals for consideration.[2]

*Judgment reversed. All the Justices concur, except Fletcher, P. J., and Sears, J., who concur in the judgment only.*

---

[2] This Court granted the petition for certiorari to the Court of Appeals so that we might consider the Court of Appeals' dismissal of the application for discretionary review. In the order issued by this Court memorializing that action, we inadvertently included language authorizing Sapp to file a Notice of Appeal, as if her application for discretionary review had been granted. This Court did not grant the application, but merely granted the petition for certiorari to examine the dismissal of the application. The order granting the petition for certiorari was not intended to be and should not be read as the grant of Sapp's application for discretionary review.

DECIDED JANUARY 21, 1997.

*Randall A. Schmidt,* for appellant.
*Sherwin P. Robin,* for appellee.