■ MARIA R. MALFATTI, as Administratrix of the Estate of MARIA MALFATTI, Deceased, et al., Respondents, v 13 GRAMERCY PARK SOUTH CORPORATION et al., Appellants, et al., Defendant. (And Other Actions.) [687 NYS2d 158] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered January 14, 1998, which denied the City of New York's motion for summary judgment to dismiss the complaint, third-party complaint and all cross-claims against it, and which denied defendant and third-party plaintiff 13 Gramercy Park South Corporation's cross motion for summary judgment, unanimously reversed, on the law, without costs, the motions for summary judgment granted, and the complaint, third-party complaint and all cross-claims and counterclaims dismissed as against defendants City and 13 Gramercy Park South Corporation. The Clerk is directed to enter judgment in favor of defendants City of New York and 13 Gramercy Park South Corporation dismiss-

ing the complaint, third-party complaint and all cross-claims and counterclaims as against them.

Contrary to the IAS Court's decision, the "breadth of activity occurring at the [accident] site" demonstrates the lack of negligence on the part of the City. The evidence establishes that the City employees promptly responded to the notification of a water leak and immediately commenced work to stop it. Plaintiffs have not demonstrated how those actions were deficient or that the leak could have been stopped any sooner. Further, the City had no duty to supervise the condensation drainage and restoration of steam service by the Con Ed employees (*De Witt Props. v City of New York*, 44 NY2d 417, 425; *Gillette Shoe Co. v City of New York*, 58 NY2d 853, 856). Nor is there any evidence that any City employee assumed direction and control over the Con Ed employees' work. Accordingly, there is no basis for liability against defendant City of New York.

Similarly, 13 Gramercy Park South Corporation is entitled to summary judgment. The 10-day notice to effect repairs to the service line was received by 13 Gramercy approximately one hour before the accident. Thus, 13 Gramercy did not have a reasonable opportunity to repair the water leak. There is no evidence that this defendant received constructive notice of the leak or that it created the dangerous condition. Concur— Nardelli, J. P., Wallach, Lerner and Rubin, JJ.