A99A2326. QUINN v. CITY OF CAVE SPRING.
(532 SE2d 131)

MILLER, Judge.

Lonnie Quinn sued the City of Cave Spring for personal injury and damage to his automobile caused by driving over an open man-

hole. The City moved for summary judgment, and Quinn appeals the court's grant of that motion. We affirm.

1. Quinn argues that the court improperly granted summary judgment to the City solely because he failed to comply with Uniform Superior Court Rule 6.5, which requires that the party opposing the motion for summary judgment respond by submitting to the court a concise statement of each material fact as to which he contends there exists a genuine issue to be tried.

The court's order states:

> Defendant's Motion for Summary Judgment and accompanying Brief set forth with specificity the reasons why Defendant claims there are no genuine issues of material fact. Plaintiff's Response to the Motion for Summary Judgment does not comply with *U.S.C.R. 6.5*. That is, the Plaintiff does not list the material facts to which it is contended there are genuine issues for trial. Absent such compliance, the court concludes there are no such issues. . . . Defendant's Motion for Summary Judgment is hereby GRANTED.

Even if Quinn failed to comply with USCR 6.5, summary judgment cannot be granted by default. The failure of the nonmoving party to file pleadings as required by the Uniform Superior Court Rules does not entitle the moving party to the grant of summary judgment.[1]

Although it appears that the court may have granted the motion because Quinn did not comply with USCR 6.5, nevertheless on appeal from a grant of summary judgment we conduct a de novo review,[2] because such grant must be affirmed if it is right for any reason.[3]

2. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[4] To prevail, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[5]

> A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the

---

[1] See *Pearson v. Small World Day Care Center*, 234 Ga. App. 843, 844 (2) (a) (508 SE2d 200) (1998); *Robertson v. Wheeler*, 208 Ga. App. 68, 69 (1) (429 SE2d 714) (1993).

[2] *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

[3] *Stephens v. State Farm &c. Ins. Co.*, 236 Ga. App. 758, 759 (1) (513 SE2d 508) (1999); *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 681 (2) (498 SE2d 748) (1998).

[4] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[5] Id.

record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.[6]

Viewed in the light most favorable to Quinn, the evidence shows that as he was driving through the City, he noticed a large amount of water on the right side of the road. He then drove slightly to the left and hit what he later discovered was an uncovered manhole with water spewing out of it. The force of hitting the manhole blew his tires, sending one back tire down into the manhole, and caused his car to spin around, finally hitting a tree. Quinn suffered bruises to his face and torso. When City crews arrived to investigate, they discovered the manhole cover downhill about ten feet away and determined that the cause of the open manhole was a blockage in the sewer system forcing effluent up through the manhole.

In his complaint and brief in response to the City's motion for summary judgment, Quinn claimed that the City negligently maintained its sewer system. He also claimed that the City was negligent per se for violating the rules and regulations of the "Department of Public Health and the Environmental Protection Division."

3. Neither in his complaint nor in his response to the City's motion does Quinn specify which Code section, rule, or regulation he contends the City violated. Nor does he explain how such violations are negligence per se.

A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out . . . that there is an absence of evidence to support the nonmoving party's case.[7]

In its brief in support of its motion for summary judgment and its USCR 6.5 statement, the City has pointed out the lack of evidence that it violated rules and regulations of the "Department of Public Health and the Environmental Protection Division." Quinn's response to the City's interrogatory requesting him to identify "all statutes, rules, regulations, ordinances, and code sections," is not part of the record on appeal. But the City, in its summary judgment brief, explains that Quinn's response was the "Environmental Protection Act and Regulations concerning run off water flow." The City fur-

---

[6] (Citation and emphasis omitted.) Id.
[7] Id.

ther explains that it could only assume that Quinn was referring to the Clean Water Act. In pointing to the failure of Quinn to identify the Code section or regulation, the City has established a lack of evidence to support this claim and discharged its burden.

Quinn was then required to point to specific evidence giving rise to a triable issue, which he failed to do.[8] In response to the City's USCR 6.5 statement, Quinn simply denied the averments without further explanation. Because Quinn again failed to specify the particular rule or regulation he contends the City violated, he has rested on his pleadings. Therefore, there is no specific issue presented for trial, and the City is entitled to summary judgment on this portion of Quinn's claim.

4. Quinn alleged the City was negligent for failing to place a warning device at the location of the open manhole, even though it was aware of the hazard that caused the manhole cover to become dislodged. The City claims (a) that it could not have anticipated that excess rainwater would result in the sewer system becoming clogged and causing the manhole cover to be lifted from its retaining ring, and (b) that it had no notice that there was effluent escaping from the manhole. A public works employee testified that the first notice of the manhole cover lifting from its retaining ring was after Quinn's accident and that the occurrence was unanticipated. Under OCGA § 32-4-93 (a),[9]

> [a] municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred.[10]

If the defect existed only a short time so the municipality could not reasonably have had knowledge, then actual notice must be shown; if the defect existed for a sufficient length of time that by reasonable diligence in the performance of its duty, the defect ought to have been known by the City, then notice will be presumed.[11] "If a city has notice of a dangerous defect . . . , it is its duty to exercise ordinary care in remedying the same or placing a safeguard about it."[12] "A fur-

---

[8] See id.

[9] "This Code section is an exception to the general rule that a city enjoys sovereign immunity from liability for negligent acts done in the exercise of a governmental function." *City of Vidalia v. Brown*, 237 Ga. App. 831, 832-833 (1) (516 SE2d 851) (1999).

[10] See *City of Atlanta v. Hightower*, 177 Ga. App. 140 (338 SE2d 683) (1985).

[11] *Andrews v. City of Macon*, 191 Ga. App. 745, 747 (2) (382 SE2d 739) (1989).

[12] (Citations and punctuation omitted.) *Hightower*, supra, 177 Ga. App. at 141.

ther requirement in order for the city to be chargeable is that it had a reasonable opportunity to remedy the defect."[13]

Prior to a determination whether the City failed to provide warning of the hazard, the initial inquiry is whether the City had notice of the defect. The City employee testified that the City's wastewater plant had been under a consent order for exceeding its discharge limit and that the accident could have been avoided if one of the sewage lines had been renovated when others were. He further testified that although in the past he had seen other manhole covers float up and rest "in a cocked position," this was the first time he had seen a manhole cover lift off of its retaining ring.

But the fact that the City was aware of violations of its discharge limits does not put the City on notice of the defective condition created by this manhole cover completely dislodging from its base. First, there is no evidence that there were repairs on or problems with the system at or near the site of Quinn's accident.[14] Second, although Quinn urges that the employee's testimony that he has seen water cause a manhole cover to move into a cocked position is evidence of notice, it is not evidence (a) that the current sewage problems had caused any effluent to overflow out of a manhole cover so as to cause one to float, or (b) that the City was on notice of the potential of this particular manhole cover or any manhole cover becoming completely dislodged. Third, nothing in the record shows a past occurrence of a manhole cover becoming dislodged on any of the City's streets or that a consent order involved any such occurrence. Because there is a lack of evidence that the City had actual or constructive knowledge of the defect created by the overflow resulting in the absence of the manhole cover, the issue of negligence becomes a matter of law.[15] The City's motion pierced the pleadings, putting the burden on Quinn to come forward with specific facts and present his case in full to show that genuine issues remained for jury resolution.[16] Quinn's negligence claim must fail as he did not produce evidence to controvert the City's evidence that it had no notice of the defect. Accordingly, we affirm the trial court's grant of summary judgment to the City.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

---

[13] (Citations omitted.) Id.

[14] See *Andrews*, supra, 191 Ga. App. at 747 (2).

[15] See id.

[16] See *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566-567 (307 SE2d 99) (1983).

DECIDED MARCH 22, 2000 —
RECONSIDERATION DENIED APRIL 14, 2000 — 

*James A. Satcher, Jr.,* for appellant.
*Magruder & Sumner, J. Clinton Sumner, Jr., John A. Owens,* for appellee.