[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 05-15753
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-00398-CV-DF-5

ALLEN REGINALD WALDEN,
as parent and natural guardian of
Corey Luke Walden, a deceased minor,

Plaintiff-Appellant,

versus

THE CITY OF HAWKINSVILLE, GEORGIA,
a municipal corporation,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Georgia

----------------------------------------------------------------

**(May 30, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Allen Reginald Walden, as parent and natural guardian of Corey Luke Walden, a deceased minor, appeals the district court's grant of summary judgment in favor of the City of Hawkinsville, Georgia (the "City"), in this diversity case alleging state law claims of nuisance and negligence. No reversible error has been shown; we affirm.

On 6 August 2003, about 2.55 inches of rain fell in Hawkinsville during a two-hour period. This torrential downpour caused water in the storm drainage ditch running perpendicular to Sioux Place Alley, a city street, to overflow onto the street. Several businesses back onto Sioux Place Alley, and the street is located adjacent to a parking area. During the storm, Corey Walden and his friend, Caleb Barnett, were walking on Sioux Place Alley and observed the water flowing over the street from the drainage ditch. Corey Walden lost his footing, fell into the drainage ditch, and was swept into a culvert running under Sioux Place Alley, where he drowned. The culvert was built in the early 1900s and was about 3 feet from the paved surface of Sioux Place Alley. At the time of the accident, no fence or barrier stood between the street and the drainage ditch.

Plaintiff alleged that the City's creation and maintenance of this storm water drainage area constituted a nuisance and that the City was negligent by failing to adopt certain safety measures. In granting summary judgment to the City, the

2

district court determined, among other things, that the City had no notice of a flooding problem in Sioux Place Alley before the accident.

We review a district court's grant of summary judgment <u>de novo</u>, viewing the facts--as supported by the evidence in the record--and reasonable inferences from those facts in the light most favorable to the nonmoving party. <u>Young v. City of Palm Bay, Fla.</u>, 358 F.3d 859, 860 (11th Cir. 2004). Summary judgment is proper where no genuine issue of material fact exists. <u>Id.</u>

Plaintiff argues that the district court erred in granting summary judgment on his negligence and nuisance claims because he presented a genuine issue of fact about whether the City had actual and constructive knowledge of defects with the culvert. Plaintiff points first to the culvert's proximity to Sioux Place Alley. He contends the City had notice of this alleged defect because the culvert was built in the early 1900s and because Plaintiff's engineer, Lawson Graham, opined that the City should have placed a barrier between the road and the culvert and should have widened the road shoulder. Plaintiff also asserts that the City had notice that the culvert was undersized (thus causing the drainage ditch and the alley to flood) based on admissions of Kevin Tolliver, the engineer retained by the City to investigate the accident, and on Graham's report.

Plaintiff bases his negligence claim on O.C.G.A. § 32-4-93(a), which provides:

> A municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred.

If a city has neither actual nor constructive notice of a defect, it, thus, may not be held liable for that defect. Georgia courts have written that a plaintiff must show actual knowledge of a defect if the defect has existed "only a short time so that the municipality could not reasonably have had knowledge." Andrews v. City of Macon, 382 S.E.2d 739, 747 (Ga. App. 1989) (citation omitted). But if the defect "existed for such a length of time as by reasonable diligence in the performance of its duty, the defect ought to have been known by [the municipal authority] then notice will be presumed." Id. (emphasis in original).

The district court correctly determined that the City had neither actual nor constructive notice (1) of defects in the culvert's proximity to the alley, and (2) of a flooding problem in the alley before the accident. Plaintiff identifies no evidence, either past injuries, complaints, or work orders, showing that the City had actual notice (1) that the culvert's proximity to the alley, or the lack of a

4

barrier around the culvert, posed a danger to pedestrians, or (2) that the undersized culvert had caused the alley to flood. About constructive notice, Plaintiff points to the age of the culvert and to Graham's opinion that the City (1) should have placed a barrier between the road and the culvert and (2) should have widened the road shoulder. But Graham identified no past events--either in the Hawkinsville area or during his career--where a person was injured or died because of overflow from a storm water drainage ditch. The City, further, received no flooding or debris reports about Sioux Place Alley. And--in the absence of evidence of problems with the culvert--we are unwilling to imply the City's knowledge of alleged defects merely because the culvert was built long ago.

We also reject Plaintiff's contention that the City had constructive notice of a flooding problem due to the undersized culvert. During his post-accident investigation, Tolliver stated that he had heard that water had been "high" in the drainage ditch infrequently in preceding years, and he agreed with Graham that the culvert was too small to handle a 25-year storm event. But the City had no information or complaints about storm water overflowing the drainage ditch or about a person slipping into the drainage ditch or the culvert. See Thompson v. City of Atlanta, 616 S.E.2d 219, 221-22 (Ga. App. 2005) (declining to determine that city had notice of flooded intersection, where city only received one

5

complaint of drainage problems three years before accident and no complaints of vehicle accidents).

Plaintiff, further, identifies no statute, code, or ordinance governing the design of pre-existing culverts in similar locations. And although Graham's report showed three instances in the five years preceding the accident where he expected rainfall to cause a flooding event at least as severe as the flooding on 6 August 2003, these instances occurred over a one-day period. In this case, a similar amount of rain fell in a two-hour period. Graham conceded that whether rain falls over a short time or whether it is spread over 24 hours is a relevant consideration. And regardless, we again note that no evidence shows that the alley had actually flooded in the past.

We, further, reject Plaintiff's nuisance claim. "Knowledge or notice of the alleged defective condition is an element" of a nuisance claim. Thompson, 616 S.E.2d at 222. Plaintiff failed to show that the City had notice of a defective condition with the culvert.

In sum, the district court did not err in granting summary judgment to the

City on Plaintiff's claims of negligence and nuisance.[1]

AFFIRMED.

---

[1]Plaintiff also challenges the district court's determination that he had waived a challenge to the City's claim of sovereign immunity under O.C.G.A. § 36-33-1. As we conclude that the district court correctly granted summary judgment in favor of the City on the merits of Plaintiff's claims, we need not address the district court's alternate decision about sovereign immunity. See Thompson, 616 S.E.2d at 220-21 (declining to decide sovereign immunity issue when plaintiff's claim under § 32-4-93 failed on the merits). Because the City's lack of actual or constructive knowledge of defects with the culvert disposes of Plaintiff's claims, we need not address his argument that the district court erred by requiring him to show that the City--in addition to its general duty to keep safe its public roads and sidewalks--was required to inspect culverts or to construct them in a manner safe for citizens using the adjacent roadway.