## A90A2230. CARVER v. SAYE.
(400 SE2d 683)

DEEN, Presiding Judge.

The sole issue in this appeal from a medical malpractice action is whether the trial court erred in prohibiting plaintiff/appellant from cross-examining defendant/appellee on his answer unless appellant agreed to offer the pleadings into evidence. Plaintiff/appellant declined to offer the pleadings into evidence because they contained allusions to a prior action, with appellant's former husband as a plaintiff, against a different defendant. Although appellant's counsel stated these reasons to the judge, the latter adhered to his ruling and would not permit cross-examination. Plaintiff has appealed to this court, alleging that the trial court's refusal to allow cross-examination on defendant/appellee's pleadings, and alleged interference with such cross-examination, deprived her of a fair trial. *Held*:

1. Plaintiff alleges that appellee, an obstetrician with whom she had a physician-patient relationship, negligently caused injury to her perineum during childbirth, with the result that her anal sphincter muscle was severed and she became permanently incontinent. She alleged in her complaint that the physician, despite repeated telephone calls from her and from hospital personnel, had delayed coming to the hospital for several hours. In his answer defendant denied all the allegations without expanding or explaining his bare denials. In contending that she had the right to cross-examine on the answer, appellant relies on OCGA § 24-3-30, which provides: "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." Appellee contends that the statute's provision pretermitting the admission of the pleadings as a prerequisite to cross-examination is inapplicable in the instant case because the matter in the pleadings on which appellant wished to cross-examine consists only of denials, not of allegations or admissions, as named in the statutory language.

We cannot agree with appellee's reasoning here, or with the ruling of the trial court. A formal denial by the defendant of the allegations of the plaintiff is an allegation that the facts are otherwise than as alleged in the complaint. Such an allegation is simply an abstract negative and, as such, should be subject to a requirement that, in order that defendant be deemed to have carried his burden, the abstract negative be fleshed out by the presentation of concrete facts purporting to represent the true factual situation. The plaintiff is already barred by the allegations of his complaint; there is no reason that the defendant should not also be bound by the allegations in his answer; and reducing the abstract or generalized statement to the concrete and specific, by whatever means is most expeditious, is necessary in order for this to be possible. Cross-examination would seem

to be the most obvious and convenient means of doing this.

The purpose of OCGA § 24-3-30, as set forth in *East Tenn. &c. R. Co. v. Kane*, 92 Ga. 187 (18 SE 18) (1893), is judicial economy: "saving the courts much time, vexation and trouble." Id. at 192. With this purpose in view, the *Kane* court reasoned: "[C]ertainly a party should be relieved from proving that which his adversary distinctly alleges." Id. "[T]his he may do 'without formally tendering the (pleading) in evidence.'" *Greene v. Gulf Oil Corp.*, 119 Ga. App. 87, 89 (166 SE2d 626) (1969).

2. As to appellee's contention that cross-examination on his answer should in any case be prohibited because the pre-trial order specifies that the order "supersedes the pleadings," we find nothing in that statement which signifies that the pleadings are thereby totally eliminated from the case in the evidentiary sense, but only in the limited sense of the relationship of the pleadings to the pre-trial order, the latter being a sort of skeleton or outline for the trial. Appellee cites no authority for his contention, and we find none. To the contrary see, e.g., *Strozier v. Simmons U.S.A. Corp.*, 192 Ga. App. 601 (385 SE2d 677) (1989); *Lawson v. Duke Oil Co.*, 155 Ga. App. 363 (270 SE2d 898) (1980).

We find that the trial court committed reversible error in refusing to allow plaintiff/appellant to cross-examine on defendant/appellee's pleadings without their first being admitted into evidence.

*Judgment reversed. Pope, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 19, 1990 —

*Orr & Oliver, E. Wycliffe Orr, Joe B. Sartain, Jr.*, for appellant.
*Allen & Ballard, William L. Ballard, Amy L. Teets*, for appellee.