A94A1524. BRUMBELOW et al. v. CITY OF ROME.
(450 SE2d 345)

RUFFIN, Judge.

Plaintiffs, Lura and Wallace Brumbelow, appeal from the trial court's grant of summary judgment to defendant City of Rome, Georgia.

Lura Brumbelow was walking across a grass strip separating the street from the sidewalk when she unexpectedly stepped into a hole. As a result of the accident, Brumbelow injured her leg and foot. It is undisputed the grass strip is part of a right-of-way maintained by the city.

According to the Brumbelows, the hole was five to ten inches in diameter, three to four feet deep and was completely obscured by the grass surrounding it. Although the Brumbelows and their witnesses had no knowledge of the hole before the incident, in their affidavits they state that "the hole appeared to have been there for a significant period of time."

The director of the city's street department stated in his affidavit the city continuously inspects its rights-of-way and maintains records of complaints and repairs. He further stated that a review of those records revealed no complaints or repairs on the right-of-way in question.

The Brumbelows assert as error the trial court's grant of summary judgment to the city, contending a question of fact remains as to whether the city had constructive notice of the hole.

"A municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred." OCGA § 32-4-93 (a).

While the Brumbelows do not contend the city had actual notice of the hole, they presented affidavits stating "the hole appeared to have been there for a significant period of time" in support of their assertion that a factual question as to constructive notice has been

raised. The affiants based this conclusion on their observations that the grass surrounding the hole had grown to the point it obscured the location of the hole. However, the Brumbelows presented no evidence showing any actual knowledge of how long the hole had been in existence. "An inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. [Cit.]" *Green v. Sams*, 209 Ga. App. 491, 498 (1) (433 SE2d 678) (1993). (Punctuation omitted.) In considering " 'affidavits in support of or in opposition to motions for summary judgment[ ] the facts contained therein, and not the conclusions stated, determine whether a genuine issue of fact exists.' [Cit.]" *Chandler v. Gately*, 119 Ga. App. 513, 517 (1b) (167 SE2d 697) (1969).

In this case the trial court properly excluded the affiants' conclusions concerning the apparent age of the hole. The remaining evidence concerning the presence of grass obscuring the location of the hole is likewise insufficient to raise the inference required here. Since the Brumbelows failed to put forth evidence creating issues for trial, we find no error in the trial court's grant of summary judgment. See *Carter v. Ga. Power Co.*, 204 Ga. App. 77, 78 (1) (418 SE2d 379) (1992).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 22, 1994.

*Mundy & Gammage, John S. Husser*, for appellants.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Robert M. Brinson, I. Stewart Duggan*, for appellee.