## A96A1349. RISCHACK et al. v. CITY OF PERRY et al.

(479 SE2d 163)

RUFFIN, Judge.

While leaving the New Perry Hotel in Perry, Beverly Rischack tripped and broke her ankle in a grassy area owned by the City of Perry. Rischack sued both the city and the hotel for her injuries; her husband Gerald Rischack also sued for loss of consortium. The trial court granted summary judgment to both defendants, and the Rischacks appeal. We affirm.

"[S]ummary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

Viewed in this light, the evidence shows that the Rischacks drove their car to the New Perry Hotel to attend a dinner. When they arrived, Gerald Rischack dropped Beverly Rischack off at the hotel driveway, then parked his car on a public street in a curbside parking space several car lengths from the driveway. A strip of grass several feet wide ran alongside the curb, and there was a public sidewalk leading to the driveway adjacent to the other side of this grassy median.

After dinner, Beverly Rischack walked on the sidewalk toward the passenger side of the car. It was night, and despite the presence of lights on the street and hotel gate, visibility in the area adjacent to the car was poor. As Rischack crossed the strip of grass to get from the sidewalk to the passenger door of the car, she did not see a depression in the ground near the curb. She stepped in the depression, lost her balance, and broke her ankle. In affidavits, the Rischacks' witnesses describe this depression as being a hole six to eight inches deep and ten to twelve inches wide. We note, however, that photographs identified by these same witnesses and submitted with their affidavits show only a gradual depression that appears to be shallower than six inches. Moreover, grass growing in the depression gave it a similar appearance to the surrounding ground covered by short grass.

Evidence showed that the City of Perry owned the street, sidewalk, and grass strip, and that the city had a crew of workers to maintain its rights of way. The hotel vice president and the city public works superintendent testified on deposition, however, that the hotel voluntarily performed all routine aesthetic work such as mowing the grass and sweeping the sidewalk in the area where Rischack fell. It was the practice of the hotel to call the city to take care of any serious problems in the area, and the city acknowledged that it had ultimate responsibility for and authority over the area. For example,

when it became necessary to remove a large tree nine months before this incident, the city paid a private tree service to remove it, but both city and hotel employees participated in filling the resulting hole with dirt. It was not established whether Rischack fell in the depression resulting from this tree removal. There was no testimony from city or hotel employees who personally had performed landscaping or maintenance work in the area before Rischack fell. Nor was there evidence establishing that the city or the hotel knew the depression existed before she fell.

1. The Rischacks cite OCGA § 51-3-1 as the basis for their right to recover against the hotel. This statute provides: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. The Rischacks contend the grassy strip was an "approach" to the hotel's land, and that the hotel therefore had a duty to maintain the grassy strip in a safe condition even though it was not the owner. We disagree.

In *Motel Properties v. Miller*, 263 Ga. 484 (1) (436 SE2d 196) (1993), our Supreme Court addressed the issue of what physically constitutes an "approach." Under *Motel Properties* the term "approach" " 'refers to the sidewalk or other approach that is *directly contiguous, adjacent to, and touching* the premises under control of the owner or occupier.' [Cit.]" (Emphasis supplied.) Id. at 485-486. In this case, the sidewalk was the approach to the hotel property. The property where Rischack fell was not directly contiguous to the hotel property, and the fact that Rischack accessed the sidewalk by walking across the grass strip does not make the grass strip part of the approach. By this reasoning any property crossed to access an approach would also be deemed part of the approach.

This Court recognized the problems with such analysis in *Elmore of Embry Hills, Inc. v. Porcher*, 124 Ga. App. 418 (183 SE2d 923) (1971). In *Porcher*, the plaintiff fell on a shopping center sidewalk. Although the sidewalk was in front of a vacant area, the plaintiff argued it was an approach to an adjacent store owned by the defendant. In affirming the trial court's grant of summary judgment to the defendant, we recognized that according to the plaintiff's argument "her entire route from home to the store was a part of her 'approach,' but it could hardly be contended that the shopkeeper was responsible for this entire stretch of travel." Id. at 419. Accordingly, in *Motel Properties* the court limited the term approach to the "last few steps taken by invitees. . . ." *Motel Properties*, supra at 486.

It is clear from the photographs in the record of this case that the only approach to the hotel driveway was the city-owned sidewalk.

Those same photographs show that Rischack must have walked at least 40 feet from the driveway to the point where she crossed and fell in the grass strip. By any account, she walked more than a few steps along the sidewalk from the driveway to the point where she attempted to cross the grass strip. Accordingly, because the undisputed evidence showed that the portion of the grass strip where Rischack fell was not contiguous and more than a few steps from the hotel driveway, such property did not meet this definition of "approach."

Neither did the property at issue fall under the *Motel Properties* alternative definition of "approach." This latter definition extends what "can be deemed an approach because the landowner extended the approach to his premises 'by some *positive action* on his part, such as constructing a sidewalk, ramp, or other *direct* approach.' . . . [Cit.]" (Emphasis in original.) Id. In this case, mowing the grass strip cannot be considered a positive action to create a direct approach to the hotel property.

Finally, the dissent's contention concerning evidence of ownership of the grass strip and sidewalk is without merit. Contrary to the dissent's position, our finding that the city owns the grass strip is not an "erroneous assumption," but rather based on the Rischacks' admissions in their summary judgment brief and appellate brief.

OCGA § 24-3-30 provides that "[w]ithout offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." "The purpose of OCGA § 24-3-30, as set forth in *East Tenn. &c. R. Co. v. Kane*, 92 Ga. 187 (18 SE 18) (1893), is judicial economy: 'saving the courts much time, vexation and trouble.' Id. at 192. With this purpose in view, the *Kane* court reasoned: 'Certainly a party should be relieved from proving that which his adversary distinctly alleges.' Id." *Carver v. Saye*, 198 Ga. App. 146, 147 (1) (400 SE2d 683) (1990) (physical precedent only). For these same reasons we must conclude that, based on the Rischacks' admissions in judicio, the city owns the grass strip and sidewalk.

Because it is clear that the grass strip was not an approach, it is unnecessary to address whether Rischack exercised ordinary care for her own safety.

2. The Rischacks contend that the city is not entitled to the protection of OCGA § 32-4-93 (a), which exempts a city from liability for "defects in the public roads of its municipal street system . . . when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred." This statute also applies to public sidewalks and to unpaved rights of way. *Brumbelow v. City of Rome*, 215 Ga. App. 321 (450 SE2d 345) (1994); *Crider v. City of Atlanta*, 184 Ga. App. 389 (1) (361 SE2d 520) (1987).

The Rischacks claim they have presented sufficient evidence of the depression's age to support an inference of notice to the city of its existence. We disagree.

The city's public works superintendent testified that his road and right of way crew learns of most defective conditions from phone calls or by "observing . . . when we're out." The record shows that a city crew was on the grassy strip approximately nine months before Rischack fell to fill the hole left by the removal of the large tree. Although the city public works superintendent testified that by May 1995 city workers had revisited the site where the large tree was removed, the Rischacks have presented no evidence that city workers were on the site at any time between December 1992 and Mrs. Rischack's August 1993 fall.

Finally, though the size of the depression in which Rischack tripped and the grass growing in it may present some evidence of age, in this case these factors do not establish that it was so old as to provide a basis for concluding that the city had constructive knowledge of the hazard. See *Armenise v. Adventist Health &c.*, 219 Ga. App. 591, 593 (466 SE2d 58) (1995). The facts showed only that the hazard was a relatively narrow and shallow depression which was covered and surrounded by short grass. See id.; compare *Lawless v. Sasnett*, 200 Ga. App. 398 (408 SE2d 432) (1991) (hazard was knee-deep hole obscured by grass that had grown to the height of approximately one foot). The evidence in this case is simply too speculative to create a jury issue concerning the age of the depression. See *Brumbelow*, supra.

The Rischacks have therefore not shown that the city's knowledge of the depression should be inferred under OCGA § 32-4-93 (a). Therefore, the grant of summary judgment to the city was correct.

*Judgment affirmed. Birdsong, P. J., Pope, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. Beasley, C. J., concurs in the judgment only. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

For the reasons given in my dissent in *Armenise v. Adventist Health System/Sunbelt*, 219 Ga. App. 591 (466 SE2d 58), I respectfully dissent from the affirmance of summary judgment in the Rischacks' tort action against the City of Perry and the New Perry Hotel as the owner and occupier of land respectively. In my view, a jury should determine whether plaintiff Beverly Rischack failed to exercise ordinary care for her own safety when she stepped into a depression in the grassy median between the curb and the sidewalk adjacent to the hotel, and fell, breaking her ankle. In *Malone v. City of Rossville*, 107 Ga. App. 271, 272 (2) (129 SE2d 563), based on facts very similar to the case sub judice, this Court approved a *jury*

*instruction* on the City's duty to maintain safe streets coupled with the instruction that if plaintiff Beverly Rischack " 'by the exercise of ordinary care and diligence for her safety [plaintiff] *could not* have avoided that injury, then she *would be entitled to recover.*' " (Emphasis supplied.) Id. at 273. I further dissent from the affirmance of summary judgment based, in my view, on undocumented assumptions and inadmissible evidence that only the City of Perry had any ownership interest in the realty where plaintiff actually fell.

An owner or occupier of land "has a duty under OCGA § 51-3-1 with regard to the approach to his premises circumscribed by his right in the approach. If his right in the approach is the fee then the duty under OCGA § 51-3-1 is the exercise of due care by one who has the rights of an owner of a fee. He has the widest latitude in the use of the approach and must exercise due care within that framework to keep the approach safe. If his right in the approach is an easement his duty is to use due care toward his invitees in the exercise of his rights under the easement. He has a more limited framework than the owner of the fee. His duty does not require him to do things not permitted under the easement. If the approach is a public way his duty under OCGA § 51-3-1 is to exercise due care within the confines of his right in the public way. His rights in the public way may be quite limited but nonetheless exist." *Todd v. F. W. Woolworth Co.*, 258 Ga. 194, 195 (1), 196 (366 SE2d 674).

The majority would conclude that the grassy strip where plaintiff Beverly Rischack broke her ankle is not, as a matter of law applied to undisputed fact, an approach to the premises of the defendant New Perry Hotel. This is based on the erroneous assumption "that the City of Perry owned the street, sidewalk, *and grass strip*, and that the city had a crew of workers to maintain its *rights of way*." (Emphasis supplied.) Majority opinion, p. 856, ante. In the case sub judice, it is undisputed only that the defendant City of Perry owns the *right of way* to the sidewalk, grassy median strip, and the street. The evidence cited in support of the majority's undocumented assumption concerning title to real property is the evidence of William H. Sharp, the Public Works Supervisor for the City of Perry, who affirmed that the "city is responsible for maintaining the public streets." According to Sharp's "understanding, we [the City of Perry] have the final say on anything that goes on our right-of-way." This testimony is, however, hearsay as to the City's title to real property. It is also incompetent opinion testimony as to a legal conclusion concerning the extent of title. OCGA § 24-9-65; *Wells v. Metropolitan Life Ins. Co.*, 107 Ga. App. 826, 834 (131 SE2d 634). Although the City removed a large elm tree from the median in 1992, it is further undisputed that defendant New Perry Hotel exercises some concurrent dominion over the median at issue by conducting routine main-

tenance of the area surrounding its premises, including the City of Perry's right of way. "Where title to a public road or highway is not shown to be in the public by express grant, there is a presumption that it exists merely as an easement, under which the base fee in the underlying ground remains in the adjacent owners." (Footnote omitted.) Pindar, Ga. Real Estate Law & Procedure, § 5-14 (4th ed. 1993). The record in the case sub judice is simply devoid of competent evidence delineating the City's interest in the grassy strip between the city street and the city sidewalk. There is thus an evidentiary presumption that the defendant City of Perry has only an easement, with the fee remaining in the defendant New Perry Hotel. Accordingly, I do not join in the majority's analysis that the grassy strip is, as a matter of law, not an approach to the New Perry Hotel. Consequently, I do not agree that the defendant New Perry Hotel is relieved of liability on the ground that the median is a mere public way. Rather, the jury should determine whether the median area adjoining both the sidewalk and public parking constitutes an approach to the premises by which plaintiff Beverly Rischack and others were impliedly induced to traverse as invitees, rather than mere pedestrians, as they exit and enter the premises. *Motel Properties v. Miller*, 263 Ga. 484, 486 (2) (436 SE2d 196). Since my colleagues in the majority would affirm the grant of summary judgment despite the existence of genuine issues of material fact, I respectfully dissent.

DECIDED DECEMBER 5, 1996 — 

*Reynolds & McArthur, Charles M. Cork III*, for appellants.
*Swift, Currie, McGhee & Hiers, Christopher D. Balch, Chambless, Higdon & Carson, Thomas F. Richardson, William H. Anderson III*, for appellees.