A97A1703. GODINHO v. CITY OF TYBEE ISLAND.
(499 SE2d 389)

ELDRIDGE, Judge.

Jairza Godinho filed suit against the City of Tybee Island, Georgia ("City"), for damages arising out of a fall she sustained when she was walking on the City's cement sidewalk and tripped in a hole in the cement, fracturing her wrist in three places. She appeals the trial court's granting of the City's motion for summary judgment, which ruling was based upon the trial court's application of the Recreational Property Act ("RPA") to the sidewalk at issue and upon the trial court's determination that there is an absence of evidence in the record showing that the City had actual or constructive knowledge of the sidewalk's defect. However, because (1) the RPA does not apply to the sidewalk at issue and (2) the pleadings demonstrate the City's constructive knowledge of the defect, we reverse the judgment of the trial court.

1. The Recreational Property Act at OCGA § 51-3-22 provides that "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for recreational purposes." The owner must own and provide the land for recreational use in order to come within the ambit of limited tort liability of OCGA § 51-3-20. The purpose of the RPA is to "encourage property *owners* to make their property available to the public for recreational purposes by limiting the owner's liability." (Emphasis supplied.) *Cedeno v. Lockwood, Inc.*, 250 Ga. 799, 801 (2) (301 SE2d 265) (1983). For the RPA to apply, "the

important criterion is the purpose for which the public is permitted on the property. If the public is invited to further business interests of the owner — e.g., for sales of food, merchandise, services, etc. — then the RPA will not shield the owner from liability even though the public receives some recreation as a side benefit." *Cedeno v. Lockwood, Inc.*, supra at 802.

Further, the purpose for which the public is permitted on the property does not depend upon an *individual's* use. That one may use a sidewalk to reach the local laundromat does not give one a greater cause of action against a city than one who uses the same sidewalk to stop and smell the roses. Under the RPA, the inquiry centers around the purpose for the *sidewalk*, not the purpose of the individual user. *Cedeno v. Lockwood, Inc.*, supra at 801-802.

Accordingly, the RPA does not apply to the sidewalk at issue for two reasons:

(a) The City of Tybee Island does not own the beach or make it available for recreational purposes to the public. "The foreshore itself belongs to the State and is available to all, with access thereto not diminished." *Lines v. State of Ga.*, 245 Ga. 390, 397 (9) (264 SE2d 891) (1980); see also *State of Ga. v. Ashmore*, 236 Ga. 401 (224 SE2d 334) (1976). Thus, the beaches within the City of Tybee Island are neither owned nor provided by defendant for recreational purposes, because the beaches are the property of the State to which all have right of access for recreation or other purposes provided by the State and not the City of Tybee Island. Accordingly, the sidewalks that provide beach access are not provided for recreational purposes within the meaning of OCGA § 51-3-21.

(b) The portion of the sidewalk in question runs from 14th Street to 18th Street bordering a large public parking lot on one side and the beach on the other. The sidewalk is used by visitors and residents alike to reach businesses, restaurants, motels, and condos, as well as to access the beach area. The City attracts the public to its beaches, not for the sheer recreational pleasure of the people, but because the public spends money in the City's businesses, including paying for entry into the parking lot during the summer months. "They provide scenic areas and comfortable facilities to attract the public to their businesses, not to give the public a place for recreation." (Emphasis omitted.) *Cedeno v. Lockwood, Inc.*, supra at 802. The City's sidewalks facilitate this purpose.

The trial court erred in granting summary judgment to the City based upon an application of the RPA.

2. "A municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no actual notice thereof or when such

defect has not existed for a sufficient length of time for notice thereof to be inferred." OCGA § 32-4-93 (a). This Code section applies to a municipality's public sidewalks, as well. See *Brumbelow v. City of Rome*, 215 Ga. App. 321 (450 SE2d 345) (1994). "If the . . . defect existed for such a length of time as by reasonable diligence in the performance of its duty, the defect *ought* to have been known by the municipal authority[,] then notice will be presumed." (Citation and punctuation omitted; emphasis in original.) *Andrews v. City of Macon*, 191 Ga. App. 745, 747 (382 SE2d 739) (1989). The question of constructive notice is ordinarily one for the jury, except in the absence of *any* evidence as to constructive notice, and the issue of negligence is a matter of law, not a question of fact for the jury. Id.

Here, Godinho asserted that her fall was caused by a defect in the cement sidewalk; that the cement sidewalk was in bad repair and in a defective condition; and that the defect had existed for a sufficient period of time prior to her fall that the City knew or in the exercise or ordinary care should have known of its existence and carried out the necessary repairs. The record is replete with evidence from which to infer that the defect had existed for a sufficient period of time that the City's knowledge of the sidewalk's defect might be presumed. This includes the conventional wisdom that, generally, holes in cement do not occur overnight; pictures that show that the sidewalk was in a general state of disrepair; pictures which indicate that the hole in the cement sidewalk had been there a long time; testimony that plaintiff's pictures of the sidewalk with the hole in it are consistent with how the area looked prior to and at the time of plaintiff's fall; and testimony that the particular stretch of sidewalk in question is especially susceptible to cracking and damage because of its proximity to the ocean. Compare *Andrews v. City of Macon*, supra. In addition, the record contains extensive, detailed maintenance logs that demonstrate city workers had been "at or near the site of [Godinho's] accident" prior to the fall in order to sweep the sidewalk, cut weeds by the sidewalk, repair the snow fence adjacent to the sidewalk, and remove all of the handrails embedded in the sidewalk from 14th Street to 18th Street and patch the holes in the sidewalk resulting from the removal of the handrail poles.

"In general, 'negligence issues are susceptible to summary adjudication only in plain, palpable and indisputable cases; the evidence must be construed most favorably to the party opposing the motion, and he must be given the benefit of all favorable inferences and reasonable doubts. . . . Summary judgment may be granted only where, construing all inferences against the movant, it yet appears without dispute that the case can have but one outcome and that outcome must be in the movant's favor.' [Cit.]" *Sykes v. Colony Regency Partners*, 226 Ga. App. 804, 806 (487 SE2d 408) (1997).

Herein, the pleadings were sufficient to raise the inference that the City knew or ought to have known of the hole in its cement sidewalk. *Kicklighter v. Savannah Transit Auth.*, 167 Ga. App. 528, 530-531 (307 SE2d 47) (1983); *Andrews v. City of Macon*, supra. The City failed to meet its burden on summary judgment to negate such inference. *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1, 4 (432 SE2d 230) (1993). Accordingly, a jury issue exists as to whether the City of Tybee Island exercised ordinary care in keeping its sidewalks safe, and summary judgment was not warranted as a matter of law. *Andrews v. City of Macon*, supra. The trial court's granting of summary judgment was error.

*Judgment reversed. Pope, P. J., Johnson, Blackburn, JJ., and Senior Appellate Judge Harold R. Banke concur. Andrews, C. J., and Birdsong, P. J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

Because I believe that the trial court correctly ruled that the sidewalk where appellant sustained her fall is subject to the Recreational Property Act, OCGA § 51-3-20 et seq., I must respectfully dissent.

The Recreational Property Act at OCGA § 51-3-22 provides that "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for recreational purposes." Significantly, the stated exceptions to this provision which are set forth in OCGA § 51-3-25, pertain to wilful or malicious acts and omissions and to land for which the owner extracts a charge of money, "except that, in the case of land leased to the state or a subdivision thereof[,] any[ ] consideration received by the owner for the lease shall not be deemed a charge." OCGA § 51-3-21 (4) defines "recreational purpose" as including, "but not limited to, any of the following or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, winter sports, and viewing or enjoying historical, archeological, scenic, or scientific sites."

The Recreational Property Act specifically does not exempt state, city or other public property from its terms, and no power or logic allows us to do so. Moreover, the Act appears to be directed particularly to publicly owned property which is maintained for recreational use and is otherwise subject to the terms of the Act. This view is confirmed by OCGA § 51-3-25 (2), which exempts from the Act's immunity an owner who exacts a "charge" for people entering his property for recreational purposes, except that where an owner leases property "to the state or a subdivision thereof." In my opinion the Act's terms include this sidewalk, which is provided without charge, for

access to the beach for persons walking along the beach, an activity Godinho was engaged in when she fell. The Act exempts from the "duty of care" (OCGA § 51-3-22) an owner which gives the public a place for recreation except as provided in OCGA § 51-3-25. The mere fact that a property is so formed or made as to be chiefly a property used and maintained for recreational purposes, such as a beach or city park, does not put the owner of that property "in the business of entertainment or recreation [and] provid[ing] scenic areas and comfortable facilities to attract the public to their businesses," (*Cedeno v. Lockwood, Inc.*, 250 Ga. 799, 802 (301 SE2d 265)), unless a charge is made. The City of Tybee Island places no charge on the public for using this sidewalk and is not in the business of providing entertainment and recreation.

The purpose of the Act is "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners' liability toward persons entering thereon for recreational purposes." OCGA § 51-3-20. Therefore, no reason exists to treat a municipality differently than a private owner. Ample and obvious reasons exist, however, to give an oceanside city such protection for its seaside sidewalks which are exposed to the harsh weather and tides. To exclude the City of Tybee Island from the immunity enjoyed by private owners for recreational property would place a prohibitive burden on the City and might require the City to abandon its sidewalks for recreational use or to charge a fee for their use.

Therefore, the City should be relieved of the "duty of care to keep the premises safe for entry or use by others for recreational purposes." OCGA § 51-3-22.

Furthermore, the sidewalk gives access to and alongside the beach for recreational purposes within the meaning of the Act, and the fact that this sidewalk might also be used by persons to reach a private business or home does not place a duty of care on its owner to those who use it for recreational purposes as defined in the Recreational Property Act.

Accordingly, I must respectfully dissent.

I am authorized to state that Chief Judge Andrews joins in this dissent.

DECIDED MARCH 20, 1998

*Barrow, Sims, Morrow, Lee & Gardner, Jordon D. Morrow*, for appellant.

*Oliver, Maner & Gray, Patrick T. O'Connor, David S. Gruskin*, for appellee.