## S98G1091. CITY OF TYBEE ISLAND v. GODINHO.
### (511 SE2d 517)

SEARS, Justice.

We granted certiorari in this case to consider whether the Court of Appeals properly held that the Recreational Property Act[1] (the "RPA") does not apply to a sidewalk owned and maintained by the City of Tybee Island, Georgia.[2] Because we conclude that the sidewalk, which is located adjacent to a public beach, is used for a "recreational purpose," as defined by the RPA, we reverse the Court of Appeals' holding.

The RPA, with certain exceptions, shields property owners from tort liability for property that they permit the public to use without charge for "recreational purposes."[3] The RPA's purpose "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owner's liability toward persons entering thereon."[4] The RPA also provides that a " 'recreational purpose' includes, but is not limited to, any of the following or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, winter sports, and viewing or enjoying historical, archeological, scenic, or scientific sites."[5]

On September 5, 1994, appellee Jairza Godinho was visiting the City of Tybee Island, Georgia, the appellant. While walking on a city sidewalk, Godinho tripped over a broken section of pavement and fell and fractured her wrist. The sidewalk ran adjacent to a large public parking lot on one side and to the beach on the other side. Ms. Godinho subsequently sued the City. The City, however, moved for summary judgment, contending, among other things, that the sidewalk was being used for a recreational purpose within the meaning of the RPA since it provided viewing and enjoyment of the beaches and ocean adjacent to the sidewalk. The trial court agreed, granting the City's motion for summary judgment. It ruled that the sidewalk was included under the RPA as recreational property, thereby protecting the city from tort liability, and that, in addition, there was an absence of evidence in the record demonstrating that the City had actual or constructive knowledge of the sidewalk's defect. The Court of Appeals reversed the trial court's judgment, concluding that the sidewalk did not fall under the ambit of the RPA for two reasons.[6]

---

[1] OCGA §§ 51-3-20 to 51-3-26.

[2] *Godinho v. City of Tybee Island*, 231 Ga. App. 377 (499 SE2d 389) (1998).

[3] See OCGA §§ 51-3-21 to 51-3-26.

[4] OCGA § 51-3-20.

[5] OCGA § 51-3-21 (4).

[6] The Court of Appeals also concluded that the record presented a jury question regarding whether the city had constructive notice of the sidewalk's defect. But, since we conclude

First, based upon its conclusion that the State, not the City, owns the beach adjacent to the sidewalk, the Court of Appeals held that the sidewalk, even though it provides access to and viewing of the beach, could not be considered recreational property within the meaning of the RPA.[7] We disagree with this reasoning, as we conclude that the plain language of the RPA extends protection to property owners who provide access to their property so that people may access or enjoy property that is actually owned by someone else. For example, the RPA specifically defines the term "recreational purposes" to include "pleasure driving" and the "viewing or enjoying" of "scenic . . . sites." These types of recreational activities frequently, if not most often, involve a person using one person's land to enjoy property owned by a second person. Moreover, to exclude coverage in these circumstances might encourage people not to provide access to their property for the purpose of permitting people to enjoy property owned by others, and thus would defeat the very purpose of the RPA.[8] For this reason, we conclude that the Court of Appeals erred in concluding that the RPA does not apply to the sidewalk because the beach is not owned by the City.

The Court of Appeals also concluded that the RPA does not apply to the sidewalk because "the City attracts the public to its beaches, not for the sheer recreational pleasure of the people, but because the public spends money in the City's businesses."[9] In reaching this conclusion, the Court of Appeals relied on *Cedeno v. Lockwood, Inc.*[10] That case involved a private business located in the Underground Atlanta entertainment complex. In concluding that the RPA did not shield the business owner from liability for injuries suffered by a person injured on the owner's premises, we concluded that the business owners in Underground Atlanta "[were] in the *business* of entertainment or recreation. They provide scenic areas and comfortable facilities to attract the public to their businesses, not to *give* the public a place for recreation."[11] Thus, in *Cedeno,* the party seeking the protection of the RPA was in the business of entertainment, and the public was permitted on the property to further the direct business interests of the property owner. Here, on the other hand, the evidence in this case shows that a primary purpose of the sidewalk is to "give the public a place of recreation" by providing access to and viewing of a

---

that the City was entitled to summary judgment based upon the RPA, we need not address this holding of the Court of Appeals.

[7] *Godinho,* 231 Ga. App. at 378.

[8] See OCGA § 51-3-20.

[9] *Godinho,* 231 Ga. App. at 378.

[10] 250 Ga. 799, 800 (2) (301 SE2d 265) (1983).

[11] (Emphasis in original.) *Cedeno,* 250 Ga. at 802.

scenic site,[12] and that the City is not in the business of entertainment or recreation and does not seek to make a profit from the use of the sidewalk. Moreover, although there is some evidence in the record from which it can be inferred that the City might receive an indirect financial benefit from the sidewalk, we conclude that, given the foregoing factors, this evidence is insufficient to take the sidewalk outside the protection of the RPA.[13]

Finally, contrary to Godinho's contention, applying the RPA to a municipal sidewalk does not place the RPA in conflict with OCGA § 32-4-93, which sets forth circumstances in which a city may be liable for defects in its streets and sidewalks. Simply stated, the RPA will control when the sidewalk is used for a "recreational purpose" and the other requirements of the RPA are satisfied, and § 32-4-93 will apply in other cases.

For these reasons, we conclude that the City's sidewalk is being used for a recreational purpose within the meaning of the RPA, and that the Court of Appeals erred in reversing the trial court's grant of summary judgment to the City.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED FEBRUARY 26, 1999.

*Oliver, Maner & Gray, Patrick T. O'Connor, Timothy M. O'Brien, David S. Gruskin,* for appellant.

*Barrow, Sims, Morrow, Lee & Gardner, Jordon D. Morrow, Walter E. Sumner,* for appellee.

---

[12] Although not a determinative factor in this case, we note that Godinho testified that she was using the sidewalk for this recreational purpose when she was injured.

[13] These indirect benefits would include taxes that can be attributed to people who use the sidewalk to access, and spend money in, nearby businesses. We note that, in this regard, the percent of taxes paid to the City by nearby businesses that can be attributed to the sidewalk, as opposed to nearby parking lots or other factors, is entirely speculative. One City employee testified that people use the sidewalk to access the businesses, but other uncontradicted evidence established that the most direct route to the businesses would be through the businesses' own parking lots or by parking in the city's parking lot that is adjacent to the sidewalk and by then walking away from the sidewalk toward the businesses. Based on this evidence, another city employee testified that it was unlikely that people would use the sidewalk to access nearby businesses. Moreover, although there was evidence that for part of the year the City charges a fee to use its parking lot, this fee was not charged for recreational use of the land, and does not take the sidewalk outside the protection of the RPA. See *Majeske v. Jekyll Island State Park Auth.*, 209 Ga. App. 118 (1) (433 SE2d 304) (1993); *Quick v. Stone Mountain Mem. Assn.*, 204 Ga. App. 598 (420 SE2d 36) (1992).