**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 7, 2013**

# In the Court of Appeals of Georgia

A13A0230. CLARK v. CITY OF ATLANTA.

RAY, Judge.

Susan Clark appeals from the trial court's grant of summary judgment to the City of Atlanta on her claim of negligence related to injuries she sustained when she tripped and fell on uneven sidewalk pavers. Clark contends that the trial court improperly granted the city's motion because questions of fact remain as to whether the city had constructive notice of the alleged defect. For the reasons that follow, we reverse.

> When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably to the party opposing the motion. Further, any doubts on the existence of a genuine issue of material fact are resolved against the movant for summary judgment. When this Court reviews the grant or

denial of a motion for summary judgment, it conducts a de novo review of the law and the evidence.

(Citation omitted.) *Roberts v. Connell*, 312 Ga. App. 515, 516 (718 SE2d 862) (2011).

So viewed, the evidence shows that on February 20, 2009, Clark was standing on the sidewalk at the intersection of Peachtree Road and Lenox Road near Lenox Square Mall. When Clark took a step as she attempted to cross the street, her right shoe caught between uneven sidewalk pavers, and she fell into the roadway, breaking her hip and sustaining other injuries.

Clark then sued the city and several other entities not party to this appeal, alleging negligence. . After a hearing, the trial court granted the city's motion for summary judgment.[1] On appeal, Clark argues that the trial court erred in concluding that she failed to present any evidence that the alleged defect existed for a sufficient length of time to create a jury issue as to whether the city had constructive notice. She also argues that the trial court erred in determining that the Google Street View photographs she presented failed to create a question of material fact as to whether

---

[1] The trial court also granted summary judgment to other parties to this action, but Clark does not appeal those portions of the order.

2

the alleged defect existed for a significant period of time. OCGA § 32-4-93 (a) provides that

> [a] municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred.

This Code section also applies to sidewalks. *City of Vidalia v. Brown*, 237 Ga. App. 831, 833 (1) (516 SE2d 851) (1999). Constructive notice of a defect may be imputed through the knowledge of the city's employees or agents, or may be shown by testimony as to how long the defect existed prior to the injury, objective evidence that the defect existed over time, or evidence that others were injured as a result of the same condition over a period of years. *Crider v. City of Atlanta*, 184 Ga. App. 389, 389 (1) (361 SE2d 520) (1987). If a defect in a sidewalk has existed for such a length of time that by reasonable diligence in the performance of its duties, the city should have known of it, notice will be presumed. *Godinho v. City of Tybee Island*, 231 Ga. App. 377, 379 (2) (499 SE2d 389) (1998), rev'd on other grounds, *City of Tybee Island v. Godinho*, 270 Ga. 567 (511 SE2d 517) (1999), overruled in part on other grounds, *Atlanta Committee for the Olympic Games, Inc. v. Hawthorne*, 278 Ga.

3

116, 117-118, n. 3 (598 SE2d 471) (2004). The question of constructive notice ordinarily is for the jury, except in the absence of any evidence of constructive notice that could create a fact question, and in such an instance, the issue of negligence is a matter of law. *Godinho*, 231 Ga. App. at 379 (2). Further, the length of time a defect must exist in order for an inference of notice to arise is ordinarily a jury question. *Schuessler v. Bennett*, 287 Ga. App. 880, 886-887 (3) (652 SE2d 884) (2007).

Here, a de novo review of the evidence shows that on April 22, 2009, about two months after her injuries, photographs were taken of the location where Clark fell. The photographs show a stretch of uneven pavers, canted at various angles, across the entire width of the sidewalk. Clark also obtained Google Street View photographs, taken in October 2007 and August 2008, of the same section of sidewalk. Clark argues that a comparison of the photographs shows that the pavers had been in an uneven and defective condition for at least seven months.

Clark's expert witness examined the photographs and estimated that there were variances in paver height between zero and two inches. The expert also deposed that Clark's testimony referenced a wedge-shaped depression in the pavers, which is visible in the photographs taken two months after the injury, and that he saw a "corresponding shadow to that area" in a Google photograph taken about a year prior

4

to the injury.[2] While the Google photograph is not entirely clear, we are especially mindful in this case that "[e]ven slight evidence will be sufficient to satisfy the plaintiff's burden of production of some evidence on a motion for summary judgment[.]" (Citation and punctuation omitted.) *Dalton v. City of Marietta*, 280 Ga. App. 202, 203 (633 SE2d 552) (2006). Here, when viewed in the light most favorable to Clark as the nonmoving party, such slight evidence exists. See *Lee v. SunTrust Bank*, 314 Ga. App. 63, 63 (722 SE2d 884) (2012) (to defeat a summary judgment motion, the nonmoving party need not present conclusive proof but must only produce or point to specific evidence, even slight, giving rise to a triable issue of material fact). Therefore, we reverse the trial court's grant of summary judgment.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*

---

[2] We note that the City of Atlanta joined with other defendants in a motion to exclude Clark's expert witness, alleging, inter alia, that he was not qualified as an expert in photographic analysis or computerized reconstruction. There is nothing in the record indicating that the trial court has ruled on that motion.