**WHOLE COURT**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 20, 2017**

# In the Court of Appeals of Georgia

A17A1066. CITY OF MACON et al. v. BROWN.

BETHEL, Judge.

James Nathan Brown ("Brown") sued the City of Macon, Mayor Robert Reichart, and the members of Macon's City Council[1] (hereinafter collectively referred to as the "City Defendants") alleging that the City Defendants were liable for damages for failing to maintain a public roadway which caused a collision involving Brown. The trial court denied the City Defendants' motion for summary judgment by concluding that photographs of the defect offered by Brown, which were taken two weeks after his accident, created a question of fact as to whether the City Defendants had constructive notice of the alleged defect. Because these photographs alone are

---

[1] Mayor Reichart and the members of the City Council were sued in their official capacity as public officials. Brown has not alleged any cause of action against the Mayor or any City Council Member in their personal capacities.

insufficient as a matter of law to establish a question of fact as to the City Defendants' constructive knowledge of the alleged defect, we reverse.

> Summary judgment is proper when the moving party shows that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. We apply a de novo standard of review to an appeal from a grant or denial of summary judgment and construe the evidence most favorably to the nonmovant.

*Welch v. Ga. Dept. of Transp.*, 283 Ga. App. 903, 903 (642 SE2d 913) (2007) (footnotes omitted).

> However, summary judgment cannot be avoided based on speculation or conjecture; once the pleadings are pierced with actual evidence, the plaintiff must point to admissible evidence showing a genuine issue of fact. As our Supreme Court explained, while the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor, that does not mean that a plaintiff may defeat a defendant's properly supported motion for summary judgment without offering any concrete evidence from which a reasonable juror could, return a verdict in his favor and by merely asserting that the jury might, and legally could disbelieve the defendant's denial of wrongdoing.

*McManus v. Taylor*, 326 Ga. App. 477, 485 (756 SE2d 709) (2014) (citations and punctuation omitted).

So viewed, the evidence shows that Brown was traveling on Hollingsworth Road in the City of Macon when he was involved in a motor vehicle accident. Brown alleged that accident occurred because his vehicle ran over an area of broken pavement around a manhole that caused his vehicle to veer into oncoming traffic and strike another vehicle head-on. Brown sued the City Defendants for damages arising out of the collision, alleging negligence for the City Defendants' failure to maintain a public roadway in accordance with OCGA § 32-4-91. The City Defendants moved for summary judgment pursuant to OCGA § 32-4-93 (a), arguing that Brown failed to present any evidence that the City Defendants had actual or constructive notice of the alleged defect. In response thereto, Brown proffered photographs of the roadway taken approximately two weeks after the accident as the only evidence of the City Defendants' alleged notice of the defect.

In its order denying the City Defendants' motion, the trial court concluded that although Brown presented no evidence of negligent construction, negligent maintenance, or that the City Defendants had actual knowledge of the alleged defect, the photographs alone created a question of fact as to whether the broken pavement around the manhole existed for a sufficient length of time for notice to be inferred.

3

The trial court issued a certificate of immediate review, and this Court granted the City Defendant's application for interlocutory appeal. This appeal followed.

On appeal, the City Defendants contend that the trial court erred in denying their motion for summary judgment because the photographic evidence presented by Brown is insufficient as a matter of law to create a genuine issue of fact as to the length of time the alleged defect existed prior to Brown's accident. We agree.

As an initial matter, we note that Brown has never contended that the City Defendants were negligent in constructing or repairing the allegedly defective manhole. Additionally, Brown does not contend the City Defendants had actual knowledge of the alleged defect. The sole issue before this Court is whether photographs of the alleged defect, taken approximately two weeks after the event giving rise to this suit, created a question of material fact as to whether the alleged defect existed for a significant period of time before the accident.

OCGA § 32-4-93 (a) provides that

[a] municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred.

4

"If the defect had existed only a short time so that the municipality could not reasonably have had knowledge then actual notice must be shown. However, if the street defect existed for such a length of time as by reasonable diligence in the performance of its duty, the defect ought to have been known by the municipal authority then notice will be presumed." *Andrews v. City of Macon*, 191 Ga. App. 745, 747 (2) (382 SE2d 739) (1989) (citation and punctuation omitted). "Constructive notice of a defect may be imputed through the knowledge of the city's employees or agents, or may be shown by testimony as to how long the defect existed prior to the injury, objective evidence that the defect existed over time, or evidence that others were injured as a result of the same condition over a period of years." *Clark v. City of Atlanta*, 322 Ga. App. 151, 153 (744 SE2d 122) (2013) (citing *Crider v. City of Atlanta*, 184 Ga. App. 389, 389 (1) (361 SE2d 520) (1987)). "The question of constructive notice ordinarily is for the jury, except in the absence of any evidence of constructive notice that could create a fact question, and in such an instance, the issue of negligence is a matter of law." *Id*.

In the instant case, approximately two weeks after his accident, Brown took photographs of the area surrounding the allegedly defective manhole. The photographs show a manhole encased in uneven concrete surrounded by asphalt with

5

large cracks and broken sections. The trial court concluded that an objective observation of the photographs show that the condition of the roadway was such that a jury could conclude that the defect had existed long enough to infer notice on the City Defendants. We disagree with the trial court's conclusion.

While the photographs may provide some basis for inferring age, without context or explanation, any conclusion as to the age of the alleged defect in the roadway would be mere speculation. The photographs only show the condition of the alleged defect in the roadway at one point in time two weeks after the accident. The trial court's analysis was based on its review of the photographs. But, the photographs alone do not establish how long the alleged defect took to develop and worsen and Brown has not brought forth any additional evidence to contextualize or lend support to his arguments regarding the length of time this area of the road had this defect. *See Brumbelow v. City of Rome*, 215 Ga. App. 321, 321 (450 SE2d 345) (1994) ("An inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility.") (citation omitted); *see also Rischack v. City of Perry*, 223 Ga. App. 856, 859 (2) (479 SE2d 163) (1996) (evidence too speculative to create a jury issue concerning the age of the defect). Further, Brown

brought forth no evidence that there had been any complaints or injuries caused by the alleged defect prior to his accident.[2]

In support of its motion for summary judgment, the City Defendants submitted the affidavit of a city clerk in the Office of Public Works who averred to the fact that there were no complaints related to the alleged defect at issue in this case. The evidence shows that two complaints regarding a pothole and a sinkhole on Hollingsworth Road were made in 2008 and 2009; however, neither complaint related to the alleged defect at issue in this case.

Thus the City Defendants' motion pierced the pleadings, putting the burden on Brown to come forward with specific facts showing that genuine issues remained for

---

[2] *See Thompson v. City of Atlanta*, 274 Ga. App. 1, 4 (1) (616 SE2d 219) (2005) (no notice where city only received one complaint of drainage problems three years before an accident and there were no complaints of vehicle accidents); *Andrews v. City of Macon*, 191 Ga. App. 745, 747 (2) (382 SE2d 739) (1989) (no constructive notice where evidence was devoid of any street repairs at or near the site of appellant's accident and there were no similar defects or incidents). *Compare Clark*, 322 Ga. App. at 153-154 (summary judgment reversed where expert witness examined photographs from Google Street view, taken over a year before the injury, and estimated variances in pavement).

jury resolution. He failed to do so.[3] Accordingly, we reverse the trial court's denial of summary judgment.

*Judgment reversed. Branch, McMillian, Mercier, Rickman, Doyle, and Reese JJ. concur. Barnes, P.J., and McFadden, P.J. dissent.*

---

[3] We respectfully note that both of the cases relied upon in the Presiding Judge's dissent expressly contained evidence of the allegedly defective condition *prior* to the alleged injury. In *Godinho v. City of Tybee Island*, the court noted "testimony that the plaintiff's picture of the sidewalk with the hole in it are consistent with how the area looked prior to and at the time of plaintiff's fall." 231 Ga. App. 377, 379 (2) (499 SE2d 389) (1998), rev'd on other grounds, *City of Tybee Island v. Godinho*, 270 Ga. 567 (511 SE2d 517) (1999). In *Clark*, as noted in the dissent, the evidence included expert testimony based on photographs taken a year prior to the alleged injury. 322 Ga. App. at 153.

8

A17A1066. CITY OF MACON et al. v. BROWN.


MᴄFᴀᴅᴅᴇɴ, Presiding Judge, dissenting.

I respectfully dissent. Because a factfinder could infer from the photographs in the record that the defect in the pavement existed for a sufficient length of time to place the City Defendants on constructive notice of it, the trial court properly denied summary judgment to them.

"The length of time a defect must exist in order for an inference of notice to arise [under OCGA § 32-4-93 (a)] is ordinarily a question for the jury." *City of Atlanta v. Hightower*, 177 Ga. App. 140, 141 (338 SE2d 683) (1985) (citation and punctuation omitted); see *Clark v. City of Atlanta*, 322 Ga. App. 151, 153 (744 SE2d 122) (2013) (constructive notice is ordinarily a jury question). To survive summary judgment, a plaintiff need not pinpoint how long the defect had existed, see

*Schuessler v. Bennett*, 287 Ga. App. 880, 887 (3) (652 SE2d 884) (2007), but may instead point to objective evidence that the defect existed over time. See *Clark v. City of Atlanta*, supra.

In opposition to summary judgment, Brown pointed to photographs that were taken of the damaged pavement a few weeks after the accident and argued that a jury could infer from the condition of the pavement depicted in those photographs that the defect had existed over time. The trial court agreed, noting that the photographs showed that:

> 1. The asphalt covering the concrete area around [a] manhole cover had worn away and exposed much of the concrete;
>
> 2. The underlying concrete had broken in multiple places;
>
> 3. The broken sections of concrete had separated, and some sections were missing;
>
> 4. The edges of the broken sections had been chipped and worn down;
>
> 5. Straw had accumulated in the crevices between the sections of broken concrete; and
>
> 6. Vegetation had grown in the crevices between the sections of broken concrete.

Our appellate record contains photocopies of these photographs. These photocopies are not clear enough to enable us to discern all of the details identified by the trial

court. The presumption of regularity requires this court to assume that the photographs depict what the trial court found them to depict, absent evidence to the contrary. See *Patrick v. Floyd Medical Center*, 255 Ga. App. 435, 437 (1) (565 SE2d 491) (2002). Cf. *Curry v. Stark*, 243 Ga. App. 712, 715 (2) (a) n. 5 (543 SE2d 168) (2000) (appellate court relied on trial testimony to determine what was depicted in photographs because appellate record had poor-quality photocopies).

From the condition of the pavement shown in the photographs (as described above), a jury could "infer that the defect had existed for a sufficient period of time that the City[ Defendants'] knowledge of the [pavement's] defect might be presumed." *Godinho v. City of Tybee Island*, 231 Ga. App. 377, 379 (2) (499 SE2d 389) (1998), rev'd on other grounds, *City of Tybee Island v. Godinho*, 270 Ga. 567 (511 SE2d 517) (1999). In *Godinho v. City of Tybee Island*, supra, another case involving broken pavement, the following evidence permitted the issue of constructive notice to go to the jury:

> conventional wisdom that, generally, holes in cement do not occur overnight; pictures that show that the sidewalk was in a general state of disrepair; pictures which indicate that the hole in the cement sidewalk had been there a long time; testimony that plaintiff's picture of the sidewalk with the hole in it are consistent with how the area looked prior to and at the time of plaintiff's fall; and testimony that the particular

3

stretch of sidewalk in question is especially susceptible to cracking and damage[.]

231 Ga. App. at 379 (2) (citation omitted). And in *Clark v. City of Atlanta*, supra, 322 Ga. App. 151, a case involving uneven pavement, we found a genuine issue of material fact as to constructive notice from photographs of the uneven pavement taken about two months after the plaintiff's fall and from an expert witness's testimony that Google Street View photographs from one year earlier also show the defects. Id. at 153. (The expert witness estimated variances in the paver height from the Google Street View photographs and testified that he saw a shadow in the photographs that corresponded to a depression visible in photographs taken of the sidewalk two months after plaintiff's injury. Id.)

It is true that, in both *Godinho* and *Clark*, the evidence included witness testimony that photographs depicted the pavement's condition before the fall. While such testimony certainly could strengthen a plaintiff's case, it is not required to avoid summary judgment. The question is not whether there is evidence in addition to the photographs, but whether a jury could infer from the photographs themselves that the condition had existed for the necessary amount of time. Among other things, the photographs in this case depicted asphalt that had "worn away," edges of broken

concrete that were "worn down," and accumulated straw and vegetation; a jury certainly could find from this evidence that the pavement had been in this condition for a period of time before Brown's accident. Keeping in mind that "even slight evidence will be sufficient to satisfy the plaintiff's burden of production of some evidence on a motion for summary judgment[,]" id. at 153-154 (citation and punctuation omitted), the evidence in this case, like that in *Godinho* and *Clark*, is enough to present the issue to a jury.

This court's decisions in *Rischack v. City of Perry*, 223 Ga. App. 856 (479 SE2d 163) (1996), and *Brumbelow v. City of Rome*, 215 Ga. App. 321 (450 SE2d 345) (1994), do not require a different outcome. Neither case involved damaged pavement but rather holes in the ground. In *Rischack*, we held that it was too speculative to find constructive notice from evidence that the "hazard was a relatively narrow and shallow depression which was covered and surrounded by short grass." 223 Ga. App. at 859 (2) (citations omitted). In *Brumbelow*, we held that lay witnesses' opinion testimony about the age of the hole was inadmissible and that the remaining evidence showing that the hole was obscured by surrounding grass was insufficient to raise an inference of constructive notice. 215 Ga. App. at 321-322.

5

It is clear from the above-cited decisions that the issue of constructive notice depends heavily on the specific facts of the case. In my view the photographic evidence in this case resembles the evidence in *Godhino* and *Clark* more than the evidence in *Rischack* and *Brumbelow*. So, as in *Godhino* and *Clark*, I would leave for the jury the issue of whether the City Defendants' constructive notice may be inferred from that evidence. I therefore would affirm the trial court.

I am authorized to state that Barnes, PJ. joins in this dissent.