McFadden, Presiding Judge, dissenting.
I respectfully dissent. Because a factfinder could infer from the photographs in the record that the defect in the pavement existed for a sufficient length of time to place the City Defendants on constructive notice of it, the trial court properly denied summary judgment to them.
"The length of time a defect must exist in order for an inference of notice to arise [under OCGA § 32-4-93 (a) ] is ordinarily a question for the jury." City of Atlanta v. Hightower, 177 Ga. App. 140, 141, 338 S.E.2d 683 (1985) (citation and punctuation omitted); see Clark v. City of Atlanta, 322 Ga. App. 151, 153, 744 S.E.2d 122 (2013) (constructive notice is ordinarily a jury question). To survive summary judgment, a plaintiff need not pinpoint how long the defect had existed, see Schuessler v. Bennett, 287 Ga. App. 880, 887 (3), 652 S.E.2d 884 (2007), but may instead point to objective evidence that the defect existed over time. See Clark v. City of Atlanta, supra.
In opposition to summary judgment, Brown pointed to photographs that were taken of the damaged pavement a few weeks after the accident and argued that a jury could infer from the condition of the pavement depicted in those photographs that the defect had existed over time. The trial court agreed, noting that the photographs *267 showed that:
1. The asphalt covering the concrete area around [a] manhole cover had worn away and exposed much of the concrete;
2. The underlying concrete had broken in multiple places;
3. The broken sections of concrete had separated, and some sections were missing;
4. The edges of the broken sections had been chipped and worn down;
*38 5. Straw had accumulated in the crevices between the sections of broken concrete; and
6. Vegetation had grown in the crevices between the sections of broken concrete.
Our appellate record contains photocopies of these photographs. These photocopies are not clear enough to enable us to discern all of the details identified by the trial court. The presumption of regularity requires this court to assume that the photographs depict what the trial court found them to depict, absent evidence to the contrary. See Patrick v. Floyd Medical Center, 255 Ga. App. 435, 437 (1), 565 S.E.2d 491 (2002). Cf. Curry v. Sta te, 243 Ga. App. 712, 715 (2) (a) n. 5, 534 S.E.2d 168 (2000) (appellate court relied on trial testimony to determine what was depicted in photographs because appellate record had poor-quality photocopies).
From the condition of the pavement shown in the photographs (as described above), a jury could "infer that the defect had existed for a sufficient period of time that the [City Defendants'] knowledge of the [pavement's] defect might be presumed." Godinho v. City of Tybee Island, 231 Ga. App. 377, 379 (2), 499 S.E.2d 389 (1998), rev'd on other grounds, City of Tybee Island v. Godinho, 270 Ga. 567, 511 S.E.2d 517 (1999). In Godinho v. City of Tybee Island, supra, another case involving broken pavement, the following evidence permitted the issue of constructive notice to go to the jury:
conventional wisdom that, generally, holes in cement do not occur overnight; pictures that show that the sidewalk was in a general state of disrepair; pictures which indicate that the hole in the cement sidewalk had been there a long time; testimony that plaintiff's picture of the sidewalk with the hole in it are consistent with how the area looked prior to and at the time of plaintiff's fall; and testimony that the particular stretch of sidewalk in question is especially susceptible to cracking and damage[.]
*268 231 Ga. App. at 379 (2), 499 S.E.2d 389 (citation omitted). And in Clark 322 Ga. App. 151, 744 S.E.2d 122, a case involving uneven pavement, we found a genuine issue of material fact as to constructive notice from photographs of the uneven pavement taken about two months after the plaintiff's fall and from an expert witness's testimony that Google Street View photographs from one year earlier also show the defects. Id. at 153, 744 S.E.2d 122. (The expert witness estimated variances in the paver height from the Google Street View photographs and testified that he saw a shadow in the photographs that corresponded to a depression visible in photographs taken of the sidewalk two months after plaintiff's injury. Id. )
It is true that, in both Godinho and Clark, the evidence included witness testimony that photographs depicted the pavement's condition before the fall. While such testimony certainly could strengthen a plaintiff's case, it is not required to avoid summary judgment. The question is not whether there is evidence in addition to the photographs, but whether a jury could infer from the photographs themselves that the condition had existed for the necessary amount of time. Among other things, the photographs in this case depicted asphalt that had "worn away," edges of broken concrete that were "worn down," and accumulated straw and vegetation; a jury certainly could find from this evidence that the pavement had been in this condition for a period of time before Brown's accident. Keeping in mind that "even slight evidence will be sufficient to satisfy the plaintiff's burden of production of some evidence on a motion for summary judgment[,]" Clark, 322 Ga.App. at 153-154, 744 S.E.2d 122 (citation and punctuation omitted), the evidence in this case, like that in Godinho and Clark, is enough to present the issue to a jury.
This court's decisions in Rischack v. City of Perry, 223 Ga. App. 856, 479 S.E.2d 163 (1996), and Brumbelow v. City of Rome, 215 Ga. App. 321, 450 S.E.2d 345 (1994), do not require a different outcome. Neither case involved damaged pavement but rather holes in the ground. In Rischack, we held that it was too speculative to find constructive notice from evidence that the "hazard was a relatively narrow and shallow depression which was covered and surrounded by short grass." 223 Ga. App. at 859 (2), 479 S.E.2d 163 (citations omitted). In Brumbelow, we held that lay witnesses' opinion testimony *39 about the age of the hole was inadmissible and that the remaining evidence showing that the hole was obscured by surrounding grass was insufficient to raise an inference of constructive notice. 215 Ga. App. at 321-322, 450 S.E.2d 345.
It is clear from the above-cited decisions that the issue of constructive notice depends heavily on the specific facts of the case. In my view the photographic evidence in this case resembles the evidence in *269 Godhino and Clark more than the evidence in Rischack and Brumbelow. So, as in Godhino and Clark, I would leave for the jury the issue of whether the City Defendants' constructive notice may be inferred from that evidence. I therefore would affirm the trial court.
I am authorized to state that Presiding Judge Barnes joins in this dissent.